ASHBY v. SHAW, *Appellant.*

1. **Partnership, what Essential to.** The relation of partnership does not exist between persons associated in a common undertaking, unless each one has the right to manage the whole business and to dispose of the entire property involved in the enterprise for its purposes, in the same manner and with the same power as all can when acting together.

2. **Counter-Claim:** STATUTE. Under Revised Statutes, section 3522, in an action arising on contract, any other cause of action arising on contract and existing at the commencement of the action, may be pleaded by way of counter-claim.

3. **Interest:** TEN PER CENT, ERROR IN ALLOWING. Where the petition does not allege that the contract sued on is in writing, or that it provided for the payment of ten per cent interest on the debt sued for, and the prayer of the petition not demanding interest, the court cannot allow ten per cent interest in its judgment.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED

*Smith & Krauthoff* with *J. F. Harwood* for appellant.

The contract set out in the answer did not make the parties partners. *Musser v. Brink*, 68 Mo. 242 ; *Donnell v. Harshe*, 67 Mo. 170 ; *Whitehill v. Shickle*, 43 Mo. 537. But even if the contract made them partners, yet the demand pleaded as a counter-claim is one that could be recovered in an action at law. *Byrd v. Fox*, 8 Mo. 574. One item unadjusted between partners, can be settled in an action at law. *Buckner v. Reis*, 34 Mo. 357; *Russell v. Grimes*, 46 Mo. 410 ; *Bethel v. Franklin*, 57 Mo. 466 ; 41. Pa. St. 102 ; 56 Pa. St. 183 ; 30 Mich. 304 ; *Dole v. Thomas*, 67 Ind. 570 ; Story on Part., (7 Ed.) 218. One partner can sue another on an express promise. *Crate v. Bininger*, 45 N. Y. 545 ; *Townsend v. Goewy*, 19 Wend. 424 ; *Venning v. Leckie*, 13 East 7. An equitable claim may be pleaded as a counter-claim. R. S., § 3522 ; *McAdow v. Ross*, 53 Mo. 199 ; *Hay v. Short*, 49 Mo. 139. A counter-claim secures to the defendant the full relief which a separate action at law or a bill in chancery, or a cross-action would have secured on the same facts. *Leavenworth v. Packer*, 52 Barb. 132 ; 37 How. Pr. 299. It may be of a legal or equitable nature. *Currie v. Cowles*, 6 Bosw. 453 ; *Siemon v. Schurck*, 29 N. Y. 598 ; Pomeroy on Remedies, §§ 742, 764. The judgment is erroneous on its face, as it bears ten per cent interest, when the petition does not ask for interest, and nothing appears authorizing more than the statutory rate of six per cent. R. S., § 2725 ; *Ownby v. Ely*, 58 Mo. 475.

*S. H. Corn* for respondent.

The demurrer to the third count of defendant's answer was properly sustained. The contract set out therein has all the elements of a partnership agreement. The parties agreed, as the pleading admits, that the interest of the parties in the results of the transaction could not be ascertained without an accounting. Such accounting cannot be

had in this suit without a stay of the proceedings at law until such rights are ascertained by a proceeding in equity, and this is not permitted unless special grounds for the interference of a court of equity exists. *Field v. Oliver*, 43 Mo. 202; *Reppy v. Reppy*, 46 Mo. 572; *Pool v. Delaney*, 11 Mo. 570; 2 Story's Eq., § 1436. See also *Scott v. Carruth*, 50 Mo. 120; *Leabo v. Renshaw*, 61 Mo. 292; *Wright v. Jacob*, 61 Mo. 19; *Jones v. Shaw*, 67 Mo. 667. The judgment will not be reversed because it is made to bear ten per cent interest. It nowhere appears in the record that this was error. It is nowhere shown that the contract was not in writing and did not bear ten per cent interest. It was not necessary to make affirmative allegations to that effect in the petition. *Gist v. Eubank*, 29 Mo. 248; *Gardner v. Armstrong*, 31 Mo. 535. In the absence of anything to the contrary in the record, it will be presumed that the contract was in writing and was for payment of ten per cent interest. *Good v. Crow*, 51 Mo. 212; *State v. Sullivan*, 51 Mo. 522; *State v. Rogers*, 36 Mo. 138; *Walter v. Cathcart*, 18 Mo. 256. The court will not reverse but only correct the judgment for such error as to interest if it be one. *Page v. Arnold*, 51 Mo. 158; *Fine v. Public Schools*, 39 Mo. 68.

EWING, C.—Plaintiff sold defendant certain land for $2,555, a part of which was paid, and this suit was instituted to recover the balance due amounting to $220. The material part of the defendant's answer alleged that there was subsisting between plaintiff and defendant a written contract as follows:

"April 10, 1877.

Article of agreement by and between Wm. Shaw, of the first part, and J. L. Ashby, of the second part, all of Clinton county, Mo. Whereas, Wm. Shaw agrees to buy cattle at his own expense and furnish money for the same; also to furnish about 35 to 40 acres of land for one year, Ashby to furnish balance of pasture, same time, and pay to Shaw one hundred dollars. Any expense for feeding of

corn or otherwise, to be allowed to Shaw out of profits, if any, and if not, to be made up by Ashby, and if any profits after above, to be equally divided. Ashby to only furnish the southeast quarter section nineteen, township 57, range 30.

WILLIAM SHAW, [SEAL.]<br>
J. L. ASHBY. [SEAL.]"

That defendant performed and fulfilled said contract on his part. That under and in pursuance of said contract, defendant purchased and paid for between the date of said contract and —— day June following, eighty-one steers at the aggregate sum of three thousand and thirty-four and fifty one-hundredth dollars ($3,034.50.) That defendant under and in pursuance of said contract paid for feed and caring for said cattle from the time they were purchased until they were sold, on or about October, 1877, the further sum of five hundred and thirty-one and fifty one-hundredth dollars ($531.50.) That in October, 1877, plaintiff and defendant agreed together that the defendant should take said cattle at the sum and price of three dollars and seventy-five cents per hundred, gross weight, and account to plaintiff for his interest under said contract. That in pursuance of said arrangement, said cattle were weighed and delivered to the defendant. That said cattle, when weighed and delivered to the defendant, amounted to the sum of three thousand two hundred and seventeen and fifty one-hundredth dollars, ($3,217.50), leaving a loss of three hundred and forty-eight and seventy-five one-hundredth dollars, ($348.75), which, under said contract in writing, plaintiff bound himself to make good to defendant. That plaintiff has neglected and refused to pay said sum to defendant, and that the same is still due and owing to him. That after allowing the plaintiff the sum of two hundred and twenty dollars, as prayed for in plaintiff's petition, there is yet due the defendant from the plaintiff the sum of one hundred and twenty-eight and seventy-five one-hundredth

dollars, for which he prays judgment with interest at the lawful rate from October, 1877, and for all other proper relief."

To this answer the plaintiff demurred :

1. That said answer does not set forth facts sufficient to constitute a defense to the cause of action set forth in the petition.

2. That the matters set up and pleaded as a counter-claim constitute no offset or counter-claim or other defense to plaintiff's cause of action.

Which was sustained and judgment had for plaintiff.

I. The sufficiency of the answer must depend upon the construction of the contract set out in the answer. The plaintiff insists that it created a partnership as to the matters therein, and could not be pleaded as a set-off or counter-claim.

In *Musser v. Brink*, 68 Mo. 242, that clause of the contract under discussion was " and it is further agreed by and between said parties, that the party of the first part is to furnish money sufficient to purchase stock enough to eat up the said grain or produce raised on said farm.  *  * And it is agreed that when any sale of any of said stock is made, the said party of the first part is to first have the amount of the purchase money thereof, and then the balance is to be divided equally between said parties." The court, JUDGE SHERWOOD delivering the opinion, held that this contract did not constitute the parties partners.

In *Donnell v. Harshe*, 67 Mo. 170, this court reviewed at some length the subject of partnership, and the authorities bearing upon the question as to what constitutes a partnership; it was held that an agreement that the tenant should cultivate the farm of his landlord on shares, each paying half the expenses and sharing equally in the profits, did not constitute a partnership.

In *Dwinel v. Stone*, 30 Me. 384, it was held, that to constitute a partnership, each partner must have the right "to make contracts, incur liabilities, manage the whole

business, and to dispose of the whole property of the partnership, for its purposes, in the same manner, and with the same power as all the partners could when acting together."

The case at bar is not materially different from *Donnell v. Harshe, supra,* nor *Musser v. Brink,* particularly the latter.

Could Ashby have sold the " whole property " for the purposes of the parties under the contract ?' The contract was that Shaw should " buy cattle at his own expense and furnish the money for the same; " but there is no provision that they should belong to the two and be disposed of on joint account. They were the property of Shaw ; and Ashby possessed no right under the agreement to sell them. He had no right to " manage the whole business," and according to the rule announced in the cases referred to, the agreement under consideration did not make the parties partners. The demurrer therefore ought to have been overruled.

II. The second sub-division of Revised Statutes 1879, section 3522, referring to the counter-claim provided for in section 3521, reads as follows : " In an action arising on contract, any other cause of action arising, also, on contract, and existing at the commencement of the action." This needs no construction. It construes itself, and brings the counter-claim pleaded in this case clearly within the statute.

III. The petition does not allege that the contract sued on was in writing, nor does it allege that it provided for the payment of ten per cent interest on the deferred payments. The prayer of the petition does not demand interest, and yet the judgment is for the sum sued for with ten per cent interest. This was error. R. S. 1879, § 2725.

The judgment is reversed and the cause remanded. All concur, except NORTON and SHERWOOD, JJ., absent; HOUGH, C. J. concurs in the result.