OCTOBER TERM, 1884. 395

The State ex rel. Brown v. 'W., St. L. & P. Ry. Co.

The State *ex rel.* Brown, *Collector*, v. The Wabash, St. Louis & Pacific Railway Company, *Appellant.*

**Railroads : SCHOOL TAXES.** School taxes under the revenue law of this state (R. S., sec. 6880) cannot be levied on railroad property for building houses, or for paying part indebtedness. Such levy can be made only for school purposes proper.

*Appeal from Montgomery Circuit Court.*—Hon. Elijah Robinson, Judge.

Reversed.

*George S. Grover* for appellant.

(1) It was a fatal error to unite school and building purposes in one levy, as they are wholly separate and distinct under both the constitution and statutes of Missouri. (2) By the method of distribution provided in R. S., sec. 6880, the tax in question when collected became a part of the public school fund and could not be issued for building purposes or for paying off existing indebtedness. (3) Taxes cannot be levied for one purpose and applied after collection to other wholly separate and distinct purposes.

*Macfarlane & Trimble* also for appellant.

*John M. Barker* for respondent.

It was no error to unite school and building purposes in one levy because such union was made for the purpose only of calculation and ascertaining the aggregate amount of taxes to be paid by appellant. This method is necessary because the railway companies are required to pay taxes to all the school districts in the county instead of to such districts only through which the road passes, and it is the only method provided by the law. As to the apportionment of the taxes, see 78 Mo. 596.

HENRY, J.—This is an action under sec. 6880 of the Revised Statutes of Missouri to recover of the defendant (appellant here) the sum of $1242.14, taxes for 1878 and 1879, alleged to have been assessed and levied for those years, upon defendant's property in Montgomery county. The petition is in the statutory form, and the answer a general denial.

Before the trial of the cause, all of said taxes were paid, except $795.34, which appellant contends is in excess of the amount for which it was legally liable, and the question to be determined is whether levies for building school houses and for past indebtedness could, under section 6880, be included in computing the average rate of taxation for school purposes to be levied upon defendant's road-bed, rolling stock and movable property in said county for said years. The trial court held the affirmative of this proposition and found for plaintiff and rendered judgment accordingly, from which this appeal is prosecuted.

The material portion of section 6880 of said statute, is as follows:

"Section 6880. For the purpose of levying school taxes in the several counties on the road-bed, rolling stock and movable property of railroads in this state, the several county courts shall ascertain from the returns in the office of the clerk of the county court, the average rate of taxation levied for school purposes by the several local school boards or authorities of the several school districts throughout the county. Such average rate shall be ascertained by adding together the local rates of the several school districts in the county and dividing the sum thus obtained by the whole number of districts, and shall cause to be charged to the said railroad companies, school taxes at said average rate on the proportionate value of said railroad property so certified to the county court by the state auditor under the provisions of this article; and the said clerk shall apportion the said

school taxes so levied and collected among all the school districts in his county in proportion to the enumeration returns of each district. * * *"

The plaintiff contends that all taxes relating to schools, school buildings and indebtedness on account of schools and school buildings are taxes for school purposes and but for the constitutional classification of these different taxes into taxes for school purposes, taxes for the purpose of erecting public buildings and taxes to pay an existing indebtedness there would be plausibility in the argument. But section 11 of art. 10 of the constitution provides that:

"For school purposes in districts the annual rate on property shall not exceed forty cents on the hundred dollars valuation; provided, the aforesaid annual rates for school purposes may be increased in districts formed of cities and towns to an amount not to exceed one dollar on the hundred dollars valuation; and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that the majority of voters who are taxpayers voting at an election held to decide the question, vote for said increase. For the purpose of erecting public buildings in counties, cities or school districts the rate of taxation herein limited may be increased when the vote for such increase, and the purpose for which it is intended shall have been submitted to a vote of the people, and two-thirds of the qualified voters of such county, city or school district voting at such election shall vote therefor."

The annual rate for school purposes may be increased if a majority of voters who are taxpayers, voting at an election held to decide that question, vote for said increase. The rate of taxation for the purpose of erecting public buildings in school districts, may be increased if two-thirds of the qualified voters of such school district voting at such election shall vote therefor; and by section 12, art. 10: "No * * * school district * * * shall be allowed to become indebted in any manner or

for any purpose to an amount exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the voters thereof voting at an election to be held for that purpose." Section 7073, Revised Statutes, declares: "That all moneys arising from taxation shall be paid out only for the purposes for which they were levied and collected." Money raised by taxation for school purposes could not be used in the erection of school buildings; money raised by taxation to pay an existing indebtedness could not legally be applied either to the erection of school edifices, or to the payment of teachers' wages or other expenses of conducting a school. The qualifications of voters who are entitled to vote on the several propositions to increase the rate of taxation for school purposes and for building purposes, and to pay an existing indebtedness are different, and nearly every section of the statute preserves the distinction between these different funds.

The legislature has not subjected the property of railroad companies to taxation for any other than "school purposes" proper. Why not, is not a question we are to consider. The argument that "if the term 'school purposes' does not contemplate building or indebtedness levies, then railway companies will escape payment of a large tax which must be paid by every other taxpayer," is one that might be more properly addressed to the legislature than to this court. If by an oversight the General Assembly, in its revenue legislation, omits from the list of taxable property any property subject to taxation, would it be insisted that this court should, nevertheless, hold it assessable for taxation? It has no legislative functions and can impose no tax. In this case the rates of taxation for school purposes and building purposes and past indebtedness in each township were included in computing the average rate of taxation for school purposes to be levied upon defendant's property which was taxable for that purpose. This was erroneous and the trial court having tried and determined the cause on that theory its judgment is reversed. All concur.