A. N. KELLOGG NEWSPAPER COMPANY, *Plaintiff in Error*, v. FARRELL *et al.*

1. **Partnership.** A mere participation in the profits and loss does not necessarily constitute a partnership between the parties so participating.

2. ——. Whether the relation of partnership exists depends largely on the intention of the parties.

3. ——. A contract construed and held not to constitute the parties thereto partners.

*Error to Pike Circuit Court.*— HON. ELIJAH ROBINSON, Judge.

AFFIRMED.

*Smith & Krauthoff* and *E. T. Smith* for plaintiff in error.

(1) The definition of a partnership contained in the instructions given for the defendant and by the court of its own motion, is erroneous as applied to the facts of this case. The cases of *Donnell v. Harshe*, 67 Mo. 170, and *Musser v. Brink*, 68 Mo. 242, were all cases of partnership *inter sese* and not, as in the case at bar, one of such a relation as to third persons, or by operation of law. (2) The power to sell the partnership property is not the conclusive test of the existence or non-existence of the partnership relation. Story on Part. [7 Ed.] sections 53, 54, 55. (3) Persons engaged in any trade, business or adventure upon the terms of sharing the profits and losses arising therefrom are partners therein. 1 Lindley's Part. [Ewell's Ed.] section 18. And an agreement to share the net profits necessarily implies a sharing of the losses, within the rule. *Wilcox v. Dodge*, 12 Ill. App. 517; 1 Lindley's Part.; *Pooley v. Driver*, 5 Ch. Div. 458;

*Hankey v. Becht*, 25 Minn. 212; *McCrary v. Slaughter*, 58 Ala. 230; *Pratt v. Langdon*, 12 Allen, 544; *Bingham v. Clark*, 100 Mass. 430; *Pettee v. Appleton*, 114 Mass. 114; *Parker v. Canfield*, 37 Conn. 250; *Eastman v. Clark*, 53 N. H. 276.

*John W. Buchanan* for defendant in error.

(1) The court committed no error in passing on the instructions. Those given for the plaintiff told the jury to find against Farrell if he and Lindenberger were partners, and that given by the court of its own motion contained a correct definition of a co-partnership. *Ashley v. Shaw*, 82 Mo. 76; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 170, and cases there cited. (2) The agreement that Farrell was to have one-half of the net proceeds of the paper did not constitute him a partner. This was to be his compensation for the use of his newspaper office, fixtures, etc. *Gill v. Ferris*, 82 Mo. 156; *Campbell v. Dent*, 54 Mo. 325; *Wiggins v. Graham*, 51 Mo. 17. (3) The court might very properly have instructed the jury that under the evidence in the case they were not partners. The intention of the parties to be or not to be partners is to govern in all cases, except where they have held themselves out to third persons as partners. *Campbell v. Dent*, 54 Mo. 325; Story on Part. [6 Ed.] 49. (4) There was never any pretense that Farrell had held himself out to plaintiff as a partner, or that plaintiff had any reason to believe he was a partner when the goods in question were sold. Plaintiff undertook to hold him as an actual partner, and not as a *quasi* partner, and hence the same definition is applicable whether the question be between Farrell and Lindenberger, or between Farrell and plaintiff.

NORTON, J.—Defendant, Farrell, entered into the following agreement with his co-defendant, Lindenberger, viz:

"This agreement made and entered into this sixth day of February, 1882, between John Farrell, of the first part, and C. Lindenberger, of the second part, witnesseth that the party of the first part this day turns over to the party of the second part the 'Post-Observer' newspaper, to be by the party of the second part conducted in every respect as if he were the owner thereof. The party of the second part agrees to conduct the business in his own name, to pay all expenses attending the running thereof and to pay one-half the net proceeds of the concern to the party of the first part, quarterly. The party of the first part reserves the right to indicate the general and political policy of the paper, and also at any time to dispose of a one-half interest in the same. In case of such sale the said party of the first part agrees to lease to the party of the second part the remaining half at the rate of $150.00 per annum. This agreement to be for one year from the date hereof, provided, the stipulations herein contained are complied with, otherwise the agreement to be void and cease at the instance of the party aggrieved.

"Witness our hands and seals this sixth day of February, 1882.

"JOHN FARRELL.    [SEAL.]
"C. LINDENBERGER.    [SEAL.]"

It appears from the record the plaintiff sold to defendant, Lindenberger, certain materials to be used in conducting the newspaper mentioned in the above agreement, and seeks in this suit to make defendant, Farrell, liable for its payment on the ground that said agreement constituted a partnership as between Farrell and Lindenberger. The trial court, by refusing declarations of law asked by plaintiff in substance, that in law said agreement made defendants partners, in effect held that said agreement did not in fact constitute a partnership between defendants.

The only material question, therefore, to be deter-

mined on the writ of error prosecuted by plaintiff is whether this ruling of the trial court is right or wrong. Construing the agreement in the light of what is said by this court in the cases of *Musser v. Brink*, 68 Mo. 242 ; *Donnell v. Harshe*, 67 Mo. 173 ; *Philips v. Samuel*, 76 Mo. 658 ; *Ashby v. Shaw*, 82 Mo. 76 ; *McDonald v. Matney*, 82 Mo. 358, we must arrive at the same conclusion reached by the trial judge.

In the case last cited it is said : "That a mere participation in profits and loss does not necessarily constitute a partnership between the parties so participating. * * * It is a question of intention. * * * Each case must be determined upon its own peculiar facts." In seeking for the intention of the parties, the whole instrument must be looked to, and viewing the agrreement in question in its entirety, it is apparent, we think, that it was not the intention of Farrell and Lindenberger to from a partnership between themselves, for it is expressly stated that Farrell turned over to Lindenberger the Post-Observer newspaper, not to be conducted by them jointly as partners, but, on the contrary, to be conducted by him in every respect as if he were the owner thereof, and that he should conduct the business in his own name and pay all the expenses attending the running thereof. These expressions negative any intention of the parties to form a partnership. The reservation of the right to control the political course of the paper gave Farrell no control over its business affairs. In the light of these expressions, and construing the contract as an entirety, we regard the agreement to pay Farrell one-half of the net proceeds as simply measuring the compensation he was to receive for the use of the property turned over to Lindenberger, and not as giving him a right to participate in the profits, as profits of the business.

As on the record the court would have been justified in instructing the jury that plaintiff could not recover,

we deem it unnecessary to consider the instructions either given or refused, and as the judgment is for the right party, it is hereby affirmed.    All concur.