BANK OF OSCEOLA, Appellant, v. JOSEPH H. OUTHWAITE *et al.*, Respondents.

Kansas City Court of Appeals, May 16, 1892.

1. **Partnership, What, is.** In order to constitute a partnership there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business and dispose of the whole property of the partnership for its purposes in the same manner and with the same powers as all the partners could do acting together; and the contract summarized in the opinion negatives the intention of forming a partnership, as the property was to be and remain that of one of the members, and could only be disposed of as his property.

2. ——: ——: PROFITS AND LOSSES. The mere participation in the profits and losses does not necessarily constitute a partnership between the parties participating,—it is a question of intention.

3. ———: EVIDENCE: ADMISSIONS INCOMPETENT: AGENCY. The admissions of one member of an alleged partnership are inadmissible until his agency is established, and an agent cannot establish his agency by his own declarations.

*Appeal from the St. Clair Circuit Court.*—Hon. D. P. Stratton, Judge.

Affirmed.

*Wm. O. Mead* and *Wm. H. Martin*, for appellant.

(1) The only question of fact in this case is whether there was a partnership existing between the defendants at the time the money was borrowed for which the note sued on was given. (2) At the end of five years from its date the profits of the venture should be divided between them, and that of itself constituted a partnership under the law, and the defendant, Joseph H. Outhwaite, cannot avoid the responsibility of that relation by calling it some other name. Collyer on Partnership [Perkins' Ed.] sec. 3; 1 Lindley on Partnership [2 Am. Ed.] side pp. 7–12; 1 Parsons on Contracts [6 Ed.] side p. 147; *Bank v. Altheimer*, 91 Mo. 190; *Tyler v. Waddingham*, 8 L. R. A. 657, and note.

*T. O. Williams* and *S. A. Worden*, for respondents.

The instruction asked by plaintiff was properly refused for two reasons, to-wit: *First.* Because it is erroneously drawn, and against the law, in that it assumes the law to be that if the defendants were carrying on a farming business under a contract, to the effect that they were to share in the profits, then and from that single circumstance there was a partnership existing between the defendants, and, in such case,

defendant, Joseph H. Outhwaite, would unconditionally be liable for the payment of the note sued on, while in law such a state of facts would only make a *prima facie* case when coupled with the further fact that they were to participate in the losses as well as the profits. *Gill v. Ferris*, 82 Mo. 156; *Campbell v. Dent*, 54 Mo. 325; *Wiggins v. Graham*, 51 Mo. 17; *Burckle v. Eckart*, 1 Denio, 337; *Denny v. Cabot*, 6 Metc. 82; *Turner v. Bissill*, 14 Pick. 192; *Divinel v. Stone*, 30 Me. 384. *Second.* There was no affirmative evidence upon which to base any instruction for the plaintiff in regard to a partnership between the defendants, except that of Wm. F. Outhwaite (who claimed to be one of the firm), who was not a competent witness for that purpose until the partnership had first been proved. *Campbell v. Dent*, 54 Mo. 325; 2 Greenleaf on Evidence, sec. 484; 2 Starkie on Evidence [6 Am. Ed.] 588; *Brown v. Bank*, 2 Mo. 191; *Scarborough v. Reynolds*, 12 Ala. 252. Proof that persons engaged in a business with contract to participate in profits and losses only makes a *prima facie* case which may be rebutted by evidence. *Gill v. Ferris*, 82 Mo. 156; *Phillips v. Samuel*, 76 Mo. 657; *Wiggins v. Graham*, 51 Mo. 18; *Campbell v. Dent*, 44 Mo. 325; *Donnell v. Harshe*, 67 Mo. 170; *Bank v. Altheimer*, 91 Mo. 190; Lindley on Partnership, 18. "Community of profits is no test of partnership."

SMITH, P. J.—This was a suit instituted on a promissory note by the plaintiff bank against the defendants under the firm-name of Outhwaite Bros. The defendant, Joseph H. Outhwaite, by his answer denied the alleged partnership and, therefore, his liability on the note as one of the makers thereof. There was a trial and judgment for defendant, Joseph H. Outhwaite. The bank is appellant.

Bank of Osceola v. Outhwaite.

The evidence conduces to show that Joseph H. Outhwaite of Columbus, Ohio, desiring to start his younger brothers, Charles F. and William T. Outhwaite, in the business of farming and stock-raising and also to make provision for the support of his mother, entered into a written contract with them whereby Joseph employed Charles and William for the period of four years to manage and farm his land in St. Clair county in this state. Joseph agreed thereby to furnish his said brothers from $2,000 to $2,500, in addition to $1,030 already furnished for the purpose of procuring implements, seed, live stock and supplies necessary to carry on the farm. The two brothers, on the other hand, agreed to carefully manage said farm; exercise prudence in spending money coming into their hands by reason of their employment; to spend no money except as it might be necessary to the business of the farm; to keep books of account of all purchases and sales of produce or stock and money received or expended; to not contract indebtedness over $100 at any one time with regard to said business, and not to sign notes either for themselves or others, etc. All property to be and remain that of Joseph. The support of the mother and themselves to be provided out of the money supplied or the products of the farm. It was further provided that at the expiration of the five years, if the business had been conducted satisfactorily, Charles and William were to receive two-thirds of all crops, implements, live stock and money then on hand, after deducting the amount of money which had been furnished by Joseph, etc. It further appears that by the mutual consent of the brothers the contract was rescinded as to Charles, so that William took the place of both Charles and himself in the contract. Before the expiration of the five years, William made several small notes to the plaintiff bank, some of which were

signed Outhwaite Brothers, and others signed by himself. William testified the notes were given for money to be used in the purchase of supplies for the farm and his family; that the note sued on was given to take up the smaller notes.

The partnership relation was denied by the testimony of defendant. There was no evidence tending to show that defendant had by word or act of any kind held himself out as a partner of his brother William. The cashier of the bank testified as to statements made by William F. Outhwaite at the time he made the note sued on to the effect that Joseph Outhwaite sustained the relation of partner to him.

The question thus presented by the record is whether Joseph Outhwaite was a partner with William F. Outhwaite at the time of the execution of the note sued on, and, if so, does the contract show that relation; for, if it does not, then there is no evidence, as we shall presently see, of such partnership. The rule is that whether persons are partners as to each other may be determined by their intention as the latter is expressed by the words of their contract or gathered from the acts and circumstances attending such contract. *Priest v. Chouteau*, 83 Mo. 398. Construing the contract in the light of *Kellogg Newspaper Co. v. Farrell*, 88 Mo. 594; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 173; *Phillips v. Samuel*, 76 Mo. 658; *Ashby v. Shaw*, 82 Mo. 76, and *McDonald v. Matney*, 82 Mo. 358, we must conclude that the same does not evidence a partnership *inter sese*.

In *Daniel v. Stone*, 30 Me. 384, the rule is declared to be that "there must be such a community of interest as empowers each party to make contracts, incur liabilities, manage the whole business and dispose of the whole property of the partnership for its purposes in the same manner and with the same power as all of the

partners could when acting together," etc. This rule has several times been approved and applied by the supreme court of this state. *Ashby v. Shaw*, 82 Mo. 76; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 170. Now, the contract between the Outhwaite brothers in this case clearly negatives the notion that it was their intention to thereby create the partnership relation. The contract by its very terms provides that the property to which the contract relates was to be and remain that of Joseph Outhwaite. The other brother William was to have no interest in any that was purchased with the money of Joseph, or that was produced on the farm at the expiration of the five years' period, unless there should then be a surplus above what would reimburse Joseph for the amount of money which he had furnished in the first instance.

It is clear that William had no power to dispose of the property on the farm except as that of Joseph. He was authorized to sell and purchase property for the use of the farm, but only as an agent and employe of the latter. If Joseph Outhwaite had died during the five years, the title to the property would have passed to his representatives and not to William Outhwaite as a surviving partner, because the contract provided, as has been already stated, that the title of the property was to remain in the former. William Outhwaite was to have a living out of the property, and that which with it his labor produced on the farm. If there was a loss of the property it was that of Joseph Outhwaite. If, however, the business did not yield a profit from any cause, and he lost all or a part of his labor, so that it could be said that he was a participator in the losses of the business as well as in its profits, this would not necessarily make him a partner; for it has been ruled in this state that "a mere participation in profits and losses

does not necessarily constitute a partnership between the parties participating." It is a question of intention. *Kellogg v. Newspaper Co.*, 88 Mo. *supra; McDonald v. Matney*, 82 Mo. *supra.*

The admissions of William F. Outhwaite as to the partnership proved nothing. Such admissions could only have been admissible upon the theory of an implied agency; that is, that being a member of the partnership of Outhwaite Bros., he was authorized as an implied agent to bind his principal, the partnership, by his admissions. But until his agency was established, such admissions were not evidence. *Campbell v. Dent*, 54 Mo. 325. And, besides this, the declarations of William Outhwaite as to his agency were not evidence of that fact. An agent cannot establish his agency by his own declarations. *White v. Middlemarch*, 42 Mo. App. 363; *Dill v. Railroad*, 37 Mo. App. 454.

So that, in any view of the case which we are able to take we cannot discover any evidence of a partnership between the Outhwaite brothers at the time William, one of them, signed the note sued on.

In this view of the case it becomes unnecessary to examine the instructions. The judgment being for the right party, it will be affirmed. All concur.