J. E. HAZELL, Defendant in Error, v. H. T. CLARK, Plaintiff in Error.

Kansas City Court of Appeals, May 6, 1901.

1. **Partnership:** EVIDENCE: CONTRACT: INTENT. The intention of parties as gathered from the contract, is the real test of the existence of a partnership, and the contract must fix the real status of the parties toward each other.

2. ———: ———: ———: ———: SHARE IN PROFITS. Receiving part of the profits of a partnership in lieu of interest on a loan does not make the lender a partner, and the agreement in this case creates the relation of debtor and not that of partners.

3. ———: CONTRACT: CONSTRUCTION: EVIDENCE. On a construction of the agreement and a review of the evidence it is held that if the partnership was formed, it was ended by the agreement of the parties and the dissolution recognized by a partial repayment of the loan.

4. **Appellate Practice:** REPLY: DEPARTURE. Though the reply constituted a departure, the appellate court can not review the matter

unless advantage was taken of it at a proper time and in a proper way in the trial court.

5. ———: BILL OF EXCEPTIONS: FILING. Where the record no where discloses that a bill of exceptions was filed, and the record proper sustains the judgment, the case will be affirmed.

Error to Moniteau Circuit Court.—*Hon. T. B. Robinson,* Judge.

AFFIRMED.

*Robt. W. Morrow,* with *Wood & Wood* for plaintiff in error.

(1) The petition is for money loaned. The replication for money had and received. Evidence was admitted, and the recovery had, upon a special promise made by defendant and one F. S. Meyer, to repay plaintiff money invested by him in the partnership. The law is well settled in this state that plaintiff must recover upon the cause of action stated in his petition or not at all. McCormick v. Transit Co., 154 Mo. 202; Cole v. Armour, 154 Mo. 351; Whipple v. B. & L. Ass'n, 55 Mo. App. 554; Clements v. Yeates, 69 Mo. 623; Field v. Railroad, 76 Mo. 614; Haynes v. Trenton, 108 Mo. 130; Ensworth v. Barton, 60 Mo. 571; Banks v. Murdock, 62 Mo. 70. (2) The cause of action is not changed by the statement of a new cause of action in the answer or reply. Recovery must still be had upon the petition. Whipple v. B. & L. Ass'n, 55 Mo. App. 554; Cole v. Armour, 154 Mo. loc. cit. 351, and cases cited. (3) When the plaintiff entered into a partnership with F. S. Meyer & Co. it was not a partnership between him and the old firm, but between him and the members of the old firm, and all, as individuals, constituted the new partnership. Parsons on Partnership (2 Ed.), side paging 52. The partnership is unsettled and plaintiff can not sue his co-partner. Leckie v. Rothenbarger, 82 Mo. App. 615.

*Moore & Williams, R. M. Embry* and *S. C. Gill* for defendant in error.

(1) According to the evidence, a contract of partnership was never entered into. There is a large difference between a contract, and an agreement to make and enter into a contract in the future. Eads v. Carondelet, 42 Mo. 113. (2) The position that appellant takes in assuming that parties to this action were partners from the time the first five hundred dollars were paid, is erroneous. But even if the contract of partnership had been completed at the time of first payment, it was superseded by a subsequent contract, whereby Hazell loaned Clark and Meyer $1,000. This of course can be done. Fine v. Rogers, 15 Mo. 315; Choteau v. Iron Works, 94 Mo. 388; Munford v. Wilson, 15 Mo 540; Monahan v. Finn, 13 Mo. App. 585; Lanitz v. King, 93 Mo. 513. (3) If the contract which Hazell agreed to enter into at some future time with F. S. Meyer & Co., was subsequently abandoned or never completed or modified, in an action on such transaction the declaration must be on the modified contract. Lanitz v. King, 93 Mo. 513; Huggins v. Safford, 67 Mo. App. 469. The terms of a limited agreement or partnership are upheld as between themselves, and all their settlements must be in conformity with that agreement. 13 Am. and Eng. Ency. of Law (1 Ed.), p. 821, and citations; Lancaster v. Choat & Allen (Mass.), 530 to 534; Bates on Partnership, p. 89, sec. 73. (4) Even if a partnership is a general partnership as to third parties, it does not follow that the special partner becomes a general partner as to his co-partners. His powers, as to them are those fixed by the contract. Meeham v. Valentine, 145 U. S. 611; Williams v. Fletcher, 129 Ill. 356; Curry v. Fowler, 87 N. Y. 33; Williams v. Lautter, 7 Ia. 435; Holmes v. Railroad, 5 Gray 58. (5) Hazell, under the proposed arrangement, was,

not to have any interest in the property, or any part in the management, and while the receipt of F. S. Meyer & Co. provided that a contract of partnership should be drawn, the arrangement was not technically to be a partnership. Hazell's recompense was to be one-half of profits. Clark v. Bemis & Sons, 72 Iowa 563.

SMITH, P. J.—Action for money loaned. The salient facts of the case which the evidence tends to establish may be grouped in this wise: One Dr. Butler was the owner of a tract of timber land in Franklin county. The defendant and his brother-in-law, Meyer, believing that the timber on said tract could be cut and profitably worked into ties, posts, cordwood, etc., concluded to form a partnership under the name of Meyer & Company and purchase the same for that purpose, which they did accordingly. Something like a couple of months after Meyer & Company had made their timber purchase they opened a general merchandise store and provided themselves with the needed equipment for carrying on the business of the partnership; finding that they did not have the amount of ready money required for the successful prosecution of the business, they made this fact known to plaintiff, at the same time stating to him that they had a good thing and that if they had money to carry on their business as it ought to be, they could make it very profitable. After considerable negotiation, plaintiff was induced to advance them one thousand dollars, taking from them two receipts for five hundred dollars, each of which, except as to date, was as follows:

"California, Mo., January 24, 1896.

"Received of James E. Hazell five hundred dollars on a contract of partnership to be hereinafter drawn up between said Hazell and Frank S. Meyer and H. T. Clark, providing

that said Hazell is to furnish two thousand dollars to said F. S. Meyer & Co. to be used in running a general store and tie business at Etlah and other places, as may be desired by said parties, and the said Frank S. Meyer and H. T. Clark are to do all the work and attend to all the business strictly in a business way, and when said partnership is settled in said business between said parties said Hazell is to be repaid the money all of it that he advances therefor, and then said Hazell is to have one-third of the profits accruing from said business.

"F. S. Meyer & Co."

Within the next sixty days after the date of the transaction evidenced by the receipt just quoted, the plaintiff instituted further inquiry into the condition, business prospects, etc., of Meyer & Company, and came to the conclusion that the representations made by them to him were untrue and so he refused to advance the other one thousand dollars referred to in the receipt and demanded the return of that already advanced. Meyer & Company wrote to plaintiff that, "if we had the cash on hand we would gladly comply with your wishes, but as it is we must first ship material enough to get your money out of it. Now, if you want to draw out and not stick to your contract we will try and make satisfactory arrangements with you, but we can not draw out the amount in five or ten days." The plaintiff subsequently agreed that they might defer payment until the next summer when they could dispose of their output. They subsequently paid the plaintiff two hundred dollars of the amount.

The plaintiff testified that the agreement referred to in the receipt was never executed, while the defendant and two other witnesses testified that it was.

Three or four months after Meyer & Company had agreed to return the plaintiff the money he had advanced to them, the defendant, with the consent of Meyer, withdrew from the

Hazell v. Clark.

partnership, and the business was thereafter carried on by Meyer under the partnership name.

The defendant's theory of the case was that, under the contract disclosed by said receipt and the acts of the parties as shown by the evidence, the relation of the plaintiff to the defendant Meyer & Company was that of co-partner; and since it further appeared that the co-partnership had not been settled at the time of the bringing of the suit, that the suit must fail. The intention of the parties, as gathered from the construction of the contract they have made, is the real test of the existence of a partnership. Bank v. Outhwaite, 50 Mo. App. 124, and cases there cited. The terms of the contract, where there is one, must fix the real status of the parties toward each other. It is true that the receipt, which it is conceded embraced the terms of the contract to be subsequently entered into and was, as defendant's evidence tends to prove, entered into, recites that "a contract of partnership (is) to be hereinafter 'drawn up" between the plaintiff and Meyer and Clark. The intention is to be ascertained from the whole of the contract—from the actual relations it creates—and not from the fact that the parties *denominate it a partnership.* Bestor v. Barker, 106 Ala. 250. Even where parties expressly stipulate that they intend to be partners, yet if they so frame the terms of the contract as to leave them without any community of interest in the business or profits, they are not partners in fact or in law. McDonald v. Matney, 82 Mo. 358, and cases there cited.

It does not necessarily follow that because the receipt states that the parties intended thereafter to formally enter into a partnership contract containing the provisions therein specified, that they then were or would be, when such contract was executed, partners. Now, looking at the receipt as embodying all the terms of the contract agreed upon, but not yet reduced to writing, is it to be gathered from such terms that the parties

intended to or had thereby created the relation of partners *inter se?* By this contract, as we construe it, the plaintiff agreed to furnish Meyer & Company two thousand dollars to be used by them in their partnership business, in consideration of which they agreed to return the amount to him with one-third of the profits of the partnership venture when it should be wound up and settled. The plain inference is that plaintiff was to receive a third of the profits of the partnership in lieu of interest, or as a compensation for the use of the money loaned. The law is now well settled almost everywhere that one by receiving part of the profits of a commercial partnership in lieu of interest, or additional interest, by way of compensation for a loan of money does not thereby make himself a co-partner. Parsons on Part., sec. 64; Meeham v. Valentine, 145 U. S. 611; Wilson v. Edmonds, 130 U. S. 472; Ellison v. Stuart, Atlantic Rep. (Del.) 836; Shillman v. Benton, 82 Mich. 64; Richardson v. Hughett, 76 N. Y. 55; Curry v. Fowler, 87 N. Y. 33; Smith v. Knight, 71 Ill. 148; Cully v. Edwards, 44 Ark. 423; In re Young, 2 Q. B. Div. 484; Waggoner v. Bank, 43 Neb. 84. Our conclusion is that the manifest intention of the parties, as apparent upon the face of the agreement, was to create the relation of debtor and creditor and not that of partners. There is nothing in the agreement itself, or in the conduct of the parties, that shows that the plaintiff assumed any other relation.

But suppose we are wrong in this construction of the terms of the agreement and that it does show that the parties were partners in fact and in law, we do not think this will justify us in overthrowing the judgment. If the preliminary agreement ripened into a binding contract of co-partnership and the plaintiff paid the thousand dollars in pursuance of the requirements thereof, yet, we think, there was evidence tending to prove a state of facts from which the inference is inevitable that the contract was subsequently rescinded and done away with by the

parties. Not only this, but as a part of the agreement by which the rescission was accomplished, Meyer & Company agreed and promised at a specified time to return to the plaintiff the amount of money by him advanced. And in recognition of the binding validity of this promise, Meyer & Company afterwards made a partial payment of two hundred dollars on the whole amount promised. How can it then be said that the partnership was still unsettled at the time of this suit? Plaintiff, after the agreement of rescission, was no longer a partner. He agreed by that contract to give Meyer & Company until the following summer in which to make the payment, and to not only forego the exaction of interest, but also to relinquish his right to any share in the ultimate profits of the partnership. We must think the evidence was ample to justify the conclusion that the partnership ended with the agreement to return the plaintiff's money.

It seems to us clear from the evidence that the transaction as to the money advanced was treated by the parties as a loan. The mere fact that the defendant, after the agreement of cancellation, himself, with the consent of Meyer, withdrew from the partnership, could in no way relieve him from the prior promise of the partnership to plaintiff to pay back the thousand dollars. The instructions requested by the parties and given by the court fully covered every issue in the case. Indeed, those given for the defendant, it seems to us, went further than he had a right to expect.

We can not discover that there is any substantial departure in the replication from the allegations of the petition, but if so, no advantage was taken of the same at the proper time and in the proper way, so that that matter is not before us for review. Pope v. Ramsey, 78 Mo. App. 157; Chemical Co. v. Lackawanna Line, 70 Mo. App. 274. While the evidence was greatly in conflict, still, that of the plaintiff was sufficient to carry the

case to the jury, and if credited by it, was sufficient to justify the verdict which we must accept as conclusive.

Since writing the foregoing opinion we have discovered that the record nowhere discloses that the bill of exceptions was filed in the case and the judgment for that reason should be affirmed. The case, in this respect, is precisely like that of Shoenberg v. Heyer (decided by us at the present term).

Accordingly, it results that the judgment must be affirmed. All concur.