GILLE HARDWARE & IRON COMPANY, Respondent, v. M. C. HARRISON, Defendant; H. B. McCLEVERTY, Appellant.

Kansas City Court of Appeals, May 6, 1901.

1. **Partnership**: TEST OF: PARTICIPATION IN PROFITS: INTEREST. The intention of parties as gathered from the contract is the test of partnership, and mere participation in the profits and losses will not constitute partnership, nor will profits taken in lieu of interests on money loaned.

2. ———: ———: ———: ———: EVIDENCE. A contract shown by the evidence is considered and held to constitute the relation of debtor and creditor between the parties and not a partnership.

Appeal from Jackson Circuit Court.—*Hon. James Gibson,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fyke, Yates, Fyke & Snider* for appellants.

(1) The rule is, as we understand it, that: "In order to constitute a communion of profits between the parties which will make them partners, the interest in the profits must be mutual; each person must have an interest in the profits as a principal trader, so as to give him a lien on the property for the protection of his interest or profits, and a control over the same." Kelley v. Gaines, 24 Mo. App. 506; Clifton v. Howard, 89 Mo. 192; Campbell v. Dent, 54 Mo. 325; Gill v. Ferris, 82 Mo. 156, 167. (2) Plaintiff's evidence shows conclusively that McCleverty was to receive one-third the profits as compensation for the use of his money only, and not an interest in the profits as such. Bank of Odessa v. Jennings, 18 Mo. App. 651, 660; Bank of Osceola v. Outhwaite, 50 Mo. App. 124. (3) The notes sued on are clearly the individual notes of Harrison, and even though defendants had been in fact partners, the plaintiff having taken and accepted the individual note of Harrison, the defendant McCleverty is not liable thereon. Bank v. Bayliss, 41 Mo. 275.

*Joseph A. Guthrie* for respondent.

(1) To our minds the rule is, as applicable to the case at bar, that: "Participation in the profits, as such of a firm is prima facie evidence of partnership. Such prima facie case may be rebutted or overcome by showing that the profits were not received as such." Bank of St. Louis v. Altheimer.

91 Mo. 191; Gill v. Ferris, 82 Mo. 156; Philips v. Samuel, 76 Mo. 658; Campbell v. Dent, 54 Mo. 325; Roper v. Schaefer, 35 Mo. App. 30; Goddard-Peck Co. v. Berry, 58 Mo. App. 665. (2) The testimony showed that appellant McCleverty was to share in the profits, and a prime facie case having been made, the cause should have been submitted to the jury. Schultze v. Steele, 69 Mo. App. 614; Wolff v. Campbell, 110 Mo. 114, 120; Goddard-Peck Co. v. Berry, 58 Mo. App. 665. (3) "When there is evidence tending to prove the existence of a partnership between defendants, the issue is properly submitted to the jury, however strongly the evidence to the contrary may have preponderated." Schultze v. Steele, 69 Mo. App. 614 and cases cited. (4) Bank v. Bayliss, 41 Mo. 275, has no application here.

SMITH, J.—This is an action against the defendants on three promissory notes executed by defendant Harrison, and an account for goods sold and delivered to him. The petition alleged that the defendants were partners engaged in merchandising. The defendant McCleverty denied the execution of the notes and the existence of the partnership. There was a trial and verdict for defendant McCleverty which the court set aside, and thereupon he appealed. The plaintiff had judgment by default as to defendant Harrison. The action of the court in peremptorily instructing the jury that, under the pleadings and evidence, they should find for defendant McCleverty and then setting aside the verdict so ordered on the ground that it had erred in giving said peremptory instruction, was in effect saying that there was evidence sufficient to authorize a submission of the case to the jury. If the court erred in setting aside the verdict it was an error of law which is properly reviewable here. Whether or not there is evidence in any case sufficient to justify the submission of it to the jury,

is always a question of law for the court to determine.

The case "in a nutshell" is this: The defendant Harrison purchased a stock of hardware of the LaRue Hardware Company, paying therefor $1,500 in cash and executing to it his promissory notes with McCleverty as indorser thereon for the deferred payments amounting to $1,000. McCleverty advanced Harrison a part of the cash) how much, it does not appear) with which to make the cash payment on the purchase. The agreement under which McCleverty advanced the cash and indorsed the notes was verbal. Its terms are by no means made clear by the evidence. As far as can be gathered, it was to the effect that McCleverty would put a certain amount of money in the venture and if it turned out successful he was to receive one-third of the profits; and if unsuccessful, his share of such loss was to be measured by the amount put in. Harrison testified that McCleverty was his brother-in-law and put the money in the business to assist him and not as an investment.

McCleverty resided in another State and on occasions of his visits to Harrison's, they would, in a casual way, talk about the business the latter was engaged in. McCleverty took no part in the management of the business. At the time of the execution of the notes and the sale of the goods specified in the accounts, the plaintiff was unacquainted with McCleverty and did not know that he had any connection whatever therewith. It is conceded that McCleverty at no time held himself out as a partner of Harrison in said business. The question arising on the evidence is, whether or not it was sufficient to establish a prima facie case in favor of the plaintiff entitling it to a submission to the jury on the issue of whether or not defendants, under the name and style of M. C. Harrison, sustained to each other the relation of co-partners at the time of the execu-

tion of said notes and the purchase of the plaintiff's goods by Harrison.

The intention of the parties as gathered from the construction of the contract they have made, is the real test of the existence of a partnership. Hazell v. Clark, 89 Mo. App. 78; Bank v. Outhwaite, 50 Mo. App. 124, and cases cited. Priest v. Chouteau, 85 Mo. 398; Kellogg v. Farrell, 88 Mo. 594. And it has been decided that the mere participation in the profits and losses does not necessarily constitute a partnership *inter se.* Bank v. Outhwaite, supra; Kellogg v. Farrell, supra; McDonald v. Matney, 82 Mo. 358. And so it has been held by many courts of the very highest respectability, that one by receiving part of the profits of a commercial partnership, in the place of interest, by way of compensation for a loan of money, does not thereby make himself a partner. Hazell v. Clark, supra, and authorities there cited. The intention disclosed by the contract and the facts and circumstances attending it was not to form the partnership relation. It seems that the case is that where one brother-in-law, probably in better pecuniary circumstances than the other, agreed to advance an amount of money to enable such other to engage in a mercantile venture for which he was to receive for the use of his advancement a certain share in the profits. This was not, *per se,* sufficient to create a partnership. Nor did the further fact that it was agreed in case the venture should prove unsuccessful and the amount of the advancement lost that the brother-in-law making the advance was not to be subjected to any greater loss, have that effect. We think that the contract shows it to have been the intention that McCleverty should advance a certain amount of money which Harrison was to use in his mercantile business, and if successful he was to return it with one-third of the profits; and if unsuccessful, and the advancement was lost, then that was to be the end of the

matter as far as the former was concerned.    It is true the contract does not expressly provide that Harrison was to return the advancement, but we think that fact may be fairly inferred from all the facts and circumstances disclosed by the evidence. Our conclusion is that the transaction between the defendants did not create the partnership relation, but rather that of debtor and creditor.

As McCleverty did not hold himself out as a partner, and as the plaintiff was not influenced by any such consideration in making the sale of its goods to Harrison, it follows that there could be no recovery unless the affirmative of the issue was established.    And we do not think the evidence was sufficient to justify the court in submitting the issue to the jury. The peremptory instruction given by the court at the conclusion of the evidence was proper, and it therefore follows that its action in setting aside the verdict was error.

The order setting aside the verdict will be reversed and cause remanded with directions to the circuit court to give judgment in accordance with such verdict.    All concur.