## DENNIS RYAN, Appellant, v. JOHN S. RIDDLE, Respondent.

### Kansas City Court of Appeals, November 7, 1904.

1. **PLEADING: Definitions: Counts: Answer.** A count in civil procedure at common law is sometimes synonymous with declaration, but is now generally considered a part of the declaration wherein a distinct cause of action is stated; but it is a misnomer to call the paragraphs of an answer summarized in the opinion, counts.

2. **TRIAL PRACTICE: Answer: Motion to Strike Out: Objection to Evidence.** Where an answer fails to state a defense it should be demurred to or a motion made to strike it out; if it contains superfluous matter, the motion to strike out should be resorted to. But the legal sufficiency of an answer can not be raised by objection to the introduction of evidence.

3. **PLEADING: Answer: Sufficiency of.** The effect of an answer is to be determined by the plain and ordinary meaning of the language as it fairly appears to have been intended by the pleader, and the answer summarized in the opinion is held sufficient.

4. **EVIDENCE: Partnership: Notice.** Notice to one member of a partnership is notice to the others, but in the testimony in this case there was no partnership and evidence of notice to one S, was improperly admitted with a view to binding plaintiff.

5. **INSTRUCTIONS: Partnership: Notice.** An instruction on the effect of notice to one S, to bind plaintiff, is reviewed and held error.

6. **JURY: Majority Verdict: Name.** The verdict signed by nine jurors contained the name of Alexander. Such name did not appear among the twelve sworn, but in lieu thereof Lawrence appeared. *Held*, to be fairly inferred that the clerk in writing his record inadvertently wrote Lawrence instead of Alexander as it appears that Alexander was in fact sworn and sat in the case and not Lawrence.

Appeal from Sullivan Circuit Court.—*Hon. John P. Butler*, Judge.

REVERSED AND REMANDED.

*Wilson & Clapp* for appellant.

(1) The circuit court erred in overruling plaintiff's objection to the introduction of any evidence in support of the allegations of the second count of defendant's answer. Cohn v. Lehman, 93 Mo. 583; Nelson v. Brodhack, 44 Mo. 596; McCormick v. Kaye, 41 Mo. App. 263; Crowder v. Searcy, 103 Mo. 97; Rutledge v. Railroad, 110 Mo. 312; Roberts v. Railroad, 43 Mo. App. 287; Soap Works v. Sayers, 51 Mo. App. 310. (2) The circuit court erred in permitting the defendant to testify that he had notified Sandefur (in the absence of plaintiff) that he, defendant, would not carry out the agreement to pay him $450. (3) The circuit court erred in permitting defendant to offer evidence tending to prove that plaintiff was not the only real party in interest. Brooks v. Blackwell, 76 Mo. 309; Mize v. Glenn, 38 Mo. App. 98; Musser v. Adler, 86 Mo. 445; Northrup v. Ins. Co., 47 Mo. 435. (4) The circuit court erred in modifying plaintiff's first instruction, and in giving defendant's second instruction. Thompson v. Botts, 8 Mo. 710; Sawyer v. Railroad, 37 Mo. 240; Comer v. Taylor, 82 Mo. 341; Robertson v. Drane, 100 Mo. 273; Meriwether v. Cable Co., 45 Mo. App. 528. (5) The circuit court erred in giving the defendant's first instruction. (6) A verdict signed by only eight of the jurors empaneled and sworn to try the cause is no verdict and no judgment can be legally entered thereon. Sec. 28, art. 2, State Constitution as amended in 1900; Girdner v. Bryan, 94 Mo. App. 27.

*Wattenbarger & Bingham* for respondent.

(1) The second count of defendant's answer is not multifarious, is not inconsistent or repugnant, nor would the proof of one disprove the other. Nelson v. Brodhack, 44 Mo. 595; Bay v. Truesdell, 92 Mo. App. 377; Soap Works v. Sayers, 51 Mo. App. 310. Plaintiff, having failed to challenge the sufficiency of the second count in defendant's answer by demurrer or motion to strike out, but filed a reply thereto, putting in issue the allegations thereof, thereby waived his objection to its sufficiency. Bryant et al. v. Main, 77 S. W. 680; Duerst v. Stamping Co., 163 Mo. 607; Ins. Co. v. Enoch, 77 S. W. 899; Reilly v. Cullen, 159 Mo. 322; Phillips v. Stuart, 87 Mo. App. 486. (2) There was abundant evidence to show an agreement between plaintiff and Sandefur that they were partners in the deal and were "standing in" as both plaintiff and Sandefur testified. (3) As to the third contention of appellant that no evidence was competent tending to show that plaintiff was not the only party in interest and asserting that no such issue was raised by the pleadings, we have only to refer to that portion of defendant's answer which alleges that Sandefur is a party jointly interested with plaintiff in this suit. This allegation is certainly too plain to be mistaken or to be overlooked. (4) As we have already shown by appellant's own testimony that he and Sandefur are jointly interested in the result of the suit, and further, that they had conspired to secure respondent's money by very questionable methods, there is no semblance of merit in appellant's fourth assignment of error. (5) As to the fifth assignment of error, we confidently assert there was no prejudicial error in giving defendant's instruction. Wheeler v. Bowles, 163 Mo. 398; Feary v. O'Neil, 149 Mo. 467. (6) Nine of the jurors did sign the verdict as shown by the abstract of the record. No one knows better than counsel for appellant that no such person as R. L. Lawrence was on this jury that tried the case and that the true name

of the juror is R. L. Alexander, and he it was who signed the verdict along with the other eight.

SMITH, P. J.—The petition alleged that the plaintiff entered into an agreement with the defendant whereby the latter promised to pay the former $450 if such former would secure the release of such latter from his obligation as surety for one Brock on certain designated promissory notes amounting to upwards of $1,300; that plaintiff had complied with said agreement on his part and the defendant had not, etc.

The defendant in the first paragraph of his answer admitted that he was surety for Brock as alleged in plaintiff's petition and alleged that plaintiff and one Sandefur, a party jointly interested in this action, conspiring to cheat defendant, falsely represented to defendant that said Brock was about to make an assignment and go into bankruptcy and that if he did, defendant would be compelled to pay out large sums of money by reason of his suretyship for said Brock. And in the second, it is alleged that plaintiff through his confederate, Sandefur, proposed to defendant that he (plaintiff) would take up the obligation of said Brock on which defendant was surety, if defendant would pay him $500 and that said Sandefur would pay $50 of this amount. This paragraph contained the further allegation that if any promise was made by defendant to pay plaintiff any amount, which defendant denied, it was conditioned upon the fact that the representations made by Sandefur were true, but that said representations were false, known to be so by plaintiff and said Sandefur, and made for the purpose of extorting money from the defendant. In the third paragraph, it was further alleged that if the plaintiff paid off said Brock's notes on which defendant was surety that before he did so he, defendant, notified plaintiff and said Sandefur that he would not accept said proposition to pay plaintiff said sum of $450. And the fourth al-

leged that if plaintiff and Sandefur paid off any part of the Brock notes that they took from him deeds of trust on real estate, etc., to indemnify themselves as his sureties, etc. The replication was a general denial. There was a trial resulting in judgment for defendant and plaintiff appealed.

The plaintiff's first assignment of error is to the effect that the court erred in its action overruling his objections to the introduction of any evidence in support of the allegations of the second count of defendant's answer. The answer, as we have seen, while in many respects redundant and inartistic, pleaded several matters in avoidance. It is a misnomer to call any one or more of the paragraphs of such answer "counts." A count in a civil procedure at common law is sometimes synonymous with a declaration in its original signification, but it is now generally considered as a part of the declaration wherein the plaintiff sets forth a distinct cause of action. Gould on Plead., p. 158. The answer did not contain one or more counts.

If no facts were pleaded by the answer constituting a defense to the action the plaintiff at the trial no doubt could have properly objected to the introduction of any evidence tending to prove the facts pleaded by it. The better practice, however, in such cases would be to either demur to the answer or move to strike it out. No objection to the sufficiency of the answer here was taken in either of these ways. The answer pleaded a good defense and if it contained superfluous or repugnant allegations, these should have been eliminated by motion for that purpose. The question of the legal sufficiency of this pleading could not be raised at the trial by objection to the introduction of any evidence by defendant to sustain its allegations. A practice of this kind is not to be tolerated.

In determining the effect of the defendant's answer, its language must be taken in its plain and ordinary meaning, and such interpretation given to it as

fairly appears to have been intended by the pleader. Law v. Crawford, 67 Mo. App. l. c. 154; Stillwell v. Hamm, 97 Mo. 579. When tested by this rule we think it was sufficient. It, in substance and effect, as has been seen, alleged that the plaintiff and Sandefur conspired together to defraud defendant and that, in pursuance of such conspiracy, Sandefur falsely represented to the plaintiff that Brock was about to make an assignment and go into bankruptcy and that if he did, the defendant, who was his surety on certain notes, would thereby be compelled to pay a large amount of money; that plaintiff caused his confederate, Sandefur, to propose to defendant that if he would pay plaintiff $450 that he—plaintiff—would procure his release from said note obligations; that defendant, relying upon the truth of the representations so made, was thereby induced to accept plaintiff's proposition; that afterwards, and before the plaintiff or Sandefur either jointly or severally had paid off said Brock notes, defendant notified them that he would not be bound by said agreement. The answer is not inconsistent in its allegations within the meaning of Nelson v. Brodhack, 44 Mo. 596, and the other cases that have followed it. Plaintiff's assignment of error just referred to does not seem to be warranted by any ruling of the court disclosed by the record, but if such a ruling was made, it was proper.

The plaintiff further contends that the court erred in its action permitting the defendant to testify that he had notified Sandefur, in the absence of plaintiff, that he—defendant—would not carry out the agreement with plaintiff to pay him the $450. The defendant suggests that as the plaintiff and said Sandefur were partners that this ruling of the court should be upheld. It is not alleged in the answer that they were partners in the transaction.

The undisputed evidence shows that after plaintiff had entered into the agreement with the defendant

to procure his release from the Brock notes and had come to making an arrangement with the bank to obtain the money for that purpose he ascertained that it required him to get another person satisfactory to it to join him in making the note and that he thereupon told Sandefur that he would give him half of the amount defendant had agreed to pay him if he—Sandefur—would join him in executing the note, and that the latter thereupon executed it with that understanding. The relation of Sandefur and plaintiff under the agreement just stated was only that of debtor and creditor. No agreement is disclosed showing an intention to create a commercial partnership. A reference to the adjudged cases in this State will show that no such partnership was created by the transaction. Donnell v. Harshe, 67 Mo. 170; Musser v. Brink, 68 Mo. 242; Kellogg v. Farrell, 88 Mo. 594; Bank v. Outhwaite, 50 Mo. App. 124; Hazell v. Clark, 89 Mo. App. 78.

It is true that in cases where there is a commercial firm, notice given to one of the partners in relation to the firm business is notice to the others; and this is so because any member of such firm is the general agent of the others in respect to the transaction of the firm business. King v. Nat'l Oil Co., 81 Mo. App. l. c. 165. But this rule can have no application to a case of this kind. It follows therefore that the testimony of the defendant tending to prove that he gave Sandefur notice that he would not be bound by his agreement with the plaintiff was not constructive notice to plaintiff and should not have been admitted over the plaintiff's objections.

The plaintiff further contends that the court should have given his first instruction, which told the jury that if it believed from the evidence that defendant was surety for Brock on their notes, mentioned in the petition, and that defendant agreed to pay plaintiff $450 if he would secure the release of defendant from payment of said notes, and that through him—

plaintiff—the money was secured and said notes all paid off and defendant released from liability thereon, the jury should find for plaintiff. The court refused this instruction but added to it the qualification that, "unless it be further found that prior to the execution of the note for $2,000 by Brock, plaintiff and Sandefur, that the defendant notified either Sandefur or plaintiff, or both, that he would not carry out such agreement; and that after the execution and delivery of said note the defendant could not repudiate his agreement with plaintiff." The second instruction given by the court for the defendant was in effect the same as the plaintiff's first as modified and given by the court.

In the light of what has been already hereinbefore said in reviewing the action of the court in permitting the defendant to testify that he gave Sandefur notice that he would not carry out the agreement he had made with plaintiff to secure the release, it is obvious that the court erred in refusing to give plaintiff's first instruction as requested, and in modifying and then giving it along with said second requested by defendant. These two last referred to were improper expressions of the law as applicable to the case.

It appears that the verdict as returned was signed by nine jurors and that the name of R. L. Alexander who was one of the signers of the verdict, does not appear in the record of the panel sworn to try the case, but that of R. L. Lawrence does appear there. The said Alexander was one of the twelve sworn to try the cause and it appears that he did sit along with the others in trying it. No juror by the name of R. L. Lawrence was sworn as a juror to try the case, nor was there any juror by that name in the panel. It may be fairly inferred that the clerk in writing his record by some inadvertence wrote the name of said Lawrence instead of that of Alexander. According to the clerk's

record of the names of the jury sworn to try the case only eight of them signed the verdict, but the verdict itself shows nine. The verdict was in fact, therefore, returned signed by nine of the jurors who were sworn to try the case. The objection of the plaintiff to the verdict is answered by the eleventh subdivision of section 672, Revised Statutes.

The judgment, on account of the erroneous rulings of the court previously noticed, will be reversed and cause remanded. All concur.