[No. 13685.   In Bank. — June 17, 1892.]

VANDERHURST, SANBORN, & CO., RESPONDENTS, v. GEORGE W. DE WITT, DEFENDANT, AND WILLIAM DE WITT, APPELLANT.

PARTNERSHIP — FARMING AND THRASHING BUSINESS — SHARING NET PROFITS AS COMPENSATION. — In order to constitute a partnership in the farming and thrashing business, there must be an agreement to carry on the business together and divide the profits, and the fact that one of the agreeing parties is to receive one half of the net profits of the business will not make him a partner therein, if it is agreed that he is to receive the same only as compensation for the use of personal property let by

him to be used by the other party in the prosecution of such business in his own name, and solely on his own account.

ID. — EVIDENCE OF PARTNERSHIP — DECLARATION OF COPARTNER. — Upon the trial of an issue joined as to the fact of partnership, the declaration of an alleged partner, made in the absence of the party denying the partnership, cannot, as against the absent one, be used to establish the fact of partnership.

APPEAL from a judgment of the Superior Court of Monterey County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*H. V. Morehouse,* and *S. F. Geil,* for Appellant.

There was no allegation of partnership in the complaint, and therefore no proof of partnership was admissible. (*Freeman* v. *Campbell,* 55 Cal. 197; *McCord* v. *Seale,* 56 Cal. 264; *Cotes* v. *Campbell,* 3 Cal. 192; *Stearns* v. *Martin,* 4 Cal. 228; *Morrison* v. *Bradley,* 5 Cal. 503; *Weinrich* v. *Johnson,* 78 Cal. 254; *Shain* v. *Forbes,* 82 Cal. 577.) The declarations of defendant George W. De Witt that he was a partner of William De Witt were inadmissible against William De Witt. (*Smith* v. *Wagaman,* 58 Iowa, 11; *Scott* v. *Dansby,* 12 Ala. 714; *Tuttle* v. *Cooper,* 5 Pick. 414; *Uhler* v. *Browning,* 29 N. J. L. 79; *Conley* v. *Jennings,* 22 Ill. App. 547; 9 Am. & Eng. Ency. of Law, 342; 1 Parsons on Notes and Bills, 126; *Bundy* v. *Bruce,* 61 Vt. 619; Code Civ. Proc., sec. 1848.) Before a partner can be held for the act of his copartner, it must be shown that the credit was given in faith of the partnership. (Civ. Code, sec. 2431; *Denithorne* v. *Hook,* 112 Pa. St. 240; *Brown* v. *Rains,* 53 Iowa, 81; *Thompson* v. *Bank,* 111 U. S. 529; 1 Cooley on Partnership, 19; *Dickinson* v. *Valpy,* 10 Barn. & C. 140; *Wood* v. *Pennell,* 51 Me. 52; *Vice* v. *Anson,* 7 Barn. & C. 409; *Wright* v. *Powell,* 8 Ala. 560; *Pringle* v. *Leverich,* 48 N. Y. Sup. Ct. 90; *Carter* v. *Whalley,* 1 Barn. & Adol. 11; *Vincent* v. *Beveridge,* 3 McAr. 597; 36 Am. Rep. 113; *Lanier* v. *McCabe,* 2 Fla. 32; 48 Am. Dec. 173.) But admitting for the sake of argument that the defendants were part-

ners in a farming business, yet such a partnership is not
commercial and therefore a note executed by one mem-
ber of a farming partnership does not bind the firm, un-
less it be shown that the partner executing the note had
full authority from the other partner so to do, and the
burden of showing the authority is upon the plaintiffs.
(*Lanier* v. *McCabe*, 2 Fla. 32; 48 Am. Dec. 173; Randolph
on Commercial Paper, sec. 405; *McCrary* v. *Slaughter*, 58
Ala. 230; *Cooper* v. *Frierson*, 48 Miss. 300; 2 Lawson's
Rights and Remedies, sec. 646; *Smith* v. *Sloan*, 37 Wis.
285; 19 Am. Rep. 757.)    There was no holding out by
defendant William De Witt, and before he could be held
liable to plaintiffs upon the note in question, there must
be proof of such holding out by William De Witt that he
was a partner, or proof that he was so held out with his
knowledge, and that plaintiffs, at the time they sold the
goods, knew of such holding out, and relied upon the
same, and gave the credit upon the faith of such holding
out to them, personally; and a holding out to the world
is not sufficient.    It must be to the plaintiffs.    (2 Law-
son's Rights and Remedies, sec. 642; *Bowie* v. *Maddox*, 20
Ga. 285; 74 Am. Dec. 61; *Pringle* v. *Leverich*, 48 N. Y. Sup.
Ct. 90; *Carter* v. *Whalley*, 1 Barn. & Adol. 11; Lindley on
Partnership, 2d Am. ed., sec. 43.)    As the proof is posi-
tive that plaintiffs did not know of any holding out
by the defendant William De Witt, there is an entire
absence of proof of any holding out by the defendant
William De Witt, bringing the case within the rules laid
down by 1 Lindley on Partnership, 2d Am. ed., 43.
(*Thompson* v. *Bank*, 111 U. S. 529; *Carter* v. *Whalley*,
1 Barn. & Adol. 11; *Pringle* v. *Leverich*, 48 N. Y. Sup.
Ct. 90; *Vinson* v. *Beveridge*, 3 McAr. 597; 36 Am. Rep.
113; *Hahlo* v. *Mayer*, 102 Mo. 93.)    Where the agree-
ment is, that one person shall furnish the land and the
other shall occupy and cultivate it, dividing the crops
in a certain proportion, the relation is not that of
partnership.    (*Donnell* v. *Harshe*, 67 Mo. 170; *Musser* v.
*Brink*, 68 Mo. 242; *Holloway* v. *Brinkley*, 42 Ga. 226;
*Smith* v. *Summerlin*, 48 Ga. 425; *Christian* v. *Crocker*,

25 Ark. 330; 99 Am. Dec. 223.) So here there is no mistake as to what the agreement was, and no dispute as to its terms, and defendant William De Witt was not to share either in the losses or the profits. He was simply to have a certain part of the net proceeds as payment for the use of his property. (See *Burnett* v. *Snyder*, 81 N. Y. 550; *Ford* v. *Smith*, 27 Wis. 261; *Ruddick* v. *Otis*, 33 Iowa, 402; *Beckwith* v. *Talbot*, 2 Col. 639; *Dale* v. *Pierce*, 85 Pa. St. 474; *Beecher* v. *Bush*, 45 Mich. 188; 40 Am. Rep. 465; *Iliff* v. *Brazill*, 27 Iowa, 131; 99 Am. Dec. 645; *Day* v. *Stevens*, 88 N. C. 83; 43 Am. Rep. 732; *Irwin* v. *Nashville etc. R. R. Co.*, 92 Ill. 103; 34 Am. Rep. 208; *Richardson* v. *Hughitt*, 76 N. Y. 55; 32 Am. Rep. 267; *Austin* v. *Thomson*, 45 N. H. 113; *Stoallings* v. *Baker*, 15 Mo. 481; *Smith* v. *Knight*, 71 Ill. 148; 22 Am. Rep. 94; *Lintner* v. *Millikin*, 47 Ill. 178.) When a man is only interested in the profits of a business, he is not a partner. (*Cassidy* v. *Hall*, 97 N. Y. 159; *Richardson* v. *Hughitt*, 76 N. Y. 55; 32 Am. Rep. 267; *Curry* v. *Fowler*, 87 N. Y. 33; 41 Am. Rep. 343; *Hanna* v. *Flint*, 14 Cal. 73; *Wheeler* v. *Farmer*, 38 Cal. 203; *Robinson* v. *Haas*, 40 Cal. 474; *Smith* v. *Moynihan*, 44 Cal. 53; *Quackenbush* v. *Sawyer*, 54 Cal. 439; *Nicholaus* v. *Thielges*, 50 Wis. 491; *Edson* v. *Gates*, 44 Mich. 253; *Beecher* v. *Bush*, 45 Mich. 188; *Thayer* v. *Augustine*, 55 Mich. 187; *Colwell* v. *Britton*, 59 Mich. 350; *Williams* v. *Fletcher*, 129 Ill. 356; *Wilcox* v. *Matthews*, 44 Mich. 192; *Day* v. *Stevens*, 88 N. C. 83; 43 Am. Rep. 732.)

*John K. Alexander*, and *Dorn & Parker*, for Respondent.

A partnership is an association of two or more persons for the purpose of carrying on business together and dividing the profits between them. (Civ. Code, sec. 2395.) An agreement to divide the profits of a business implies an agreement for a corresponding division of losses. (Civ. Code, sec. 2404.) Where two or more persons unite in business, one contributing money and the other labor, the profits to be divided between them, such union is a partnership. He who shares in the advan-

tages must also share in the disadvantages. (Watson on Partnership, 15, 16; *Miller* v. *Hughes*, 1 A. K. Marsh. 181; 10 Am. Dec. 719; *Dob* v. *Halsey*, 16 Johns. 34; 8 Am. Dec. 293; *Beauregard* v. *Case*, 91 U. S. 134.) William De Witt was not only a partner in fact, but was with his consent held out as a partner, and is therefore liable as a partner. (Parsons on Partnership, 2d ed., 63, 140; *Osborn* v. *Brennan*, 2 Nott & McC. 427; 10 Am. Dec. 614; Lindley on Partnership, 42, 43.) As the goods purchased were applied to the use of the partnership, the firm is liable. (Parsons on Partnership, 2d ed., 144.) The signature of the firm name by the partner binds the firm, if the proceeds thereof are received and held by the firm. (1 Parsons on Notes and Bills, 124; *Richardson* v. *French*, 4 Met. 577, and cases cited.) As in this case George De Witt was to manage the business, and the expenses were to be paid by him out of the proceeds of the business, and the net profits to be equally divided, he was a partner of William De Witt, and, as such, the agent of the firm. (*Quinn* v. *Quinn*, 81 Cal. 14.)

DE HAVEN, J.— Action upon a promissory note. The trial was by a jury, and resulted in a verdict and judgment in favor of plaintiffs, and the defendant William De Witt appeals.

The note sued upon is signed " Geo. & Wm. De Witt," and was in fact so signed and delivered to plaintiffs by the defendant George W. De Witt. The appellant alleges in his answer that the note was executed without his knowledge and authority. The evidence upon the trial tended to show that the note was made by George W. De Witt in settlement of an account which the plaintiffs had against him for merchandise furnished to and used by him in carrying on a certain farming and thrashing business, in which business the respondents claim that the appellant and the said George W. De Witt were in fact partners. The evidence further shows that at the time the goods and merchandise were sold, they were charged personally to George W. De Witt, and appellant

was not at the time held out to respondents as a partner in the business referred to, nor did they know of the existence of the partnership now alleged.

1. It will be seen from the foregoing statement that the right of the respondents to maintain this action against the appellant really turns upon the question whether he was in fact a partner of the defendant George W. De Witt in the business referred to, and upon this point the court instructed the jury, in substance, that in order to constitute such partnership, there must have been an agreement between the appellant and his co-defendant to carry on the business together, and to divide the profits between them, and that the fact that appellant was to receive one half of the net profits of the farming and thrashing business would not make him a partner therein, if the understanding and agreement between the parties was, that he was to receive the same only as a compensation for the use of certain personal property let by him to George W. De Witt, to be used by said George W. De Witt in the prosecution of that business solely on his own account.

The evidence upon the part of the appellant tended to show the facts referred to in this instruction, and the instruction was a correct statement of the law upon the subject to which it relates. (*Kellogg* v. *Farrell*, 88 Mo. 594; *McDonald* v. *Matney*, 82 Mo. 358; Lindley on Partnership, 2d ed., marg. p. 35.) But upon the trial the court, against the objection and exception of the appellant, admitted evidence of the declarations of the defendant George W. De Witt, not made in the presence of the appellant, to the effect that he and the appellant were such partners. There was error in the admission of this evidence. It is well settled that upon such an issue the declaration of an alleged partner, made in the absence of the other, cannot, as against the absent one, be used to establish the fact of partnership. (*Cowan* v. *Kinney*, 33 Ohio St. 422; *Flanagin* v. *Champion*, 2 N. J. Eq. 54; *Dutton* v. *Woodman*, 9 Cush. 255; 57 Am. Dec. 46; *Whitney*

v. *Ferris*, 10 Johns. 66; *McPherson* v. *Rathbone*, 7 Wend. 216; *Butte Hardware Co.* v. *Wallace*, 59 Conn. 336.)

In *Dutton* v. *Woodman*, 9 Cush. 255, 57 Am. Dec. 46, the rule which excludes such declarations, and the self-evident reason upon which it is based, is thus stated by Bigelow, J.: "The authority of Thurston and I. F. Woodman to bind E. W. Woodman by their statements and declarations depend entirely upon the existence of the copartnership. Until that was proved, E. W. Woodman was not shown to have had any connection with either of them, and as that was the point in controversy before the jury to be determined by their verdict, evidence which would be admissible only upon the assumption of the existence of the copartnership was clearly incompetent, when offered to prove the fact upon which its competency depended."

This evidence being incompetent, and relating, as it did, to a material question in the case, the judgment and the order denying appellant's motion for a new trial must be reversed.

Judgment and order reversed.

SHARPSTEIN, J., PATERSON, J., McFARLAND, J., HARRISON, J., and GAROUTTE, J., concurred.

Rehearing denied.