TEMPLE, J.
This is an action for an accounting. It is averred in the complaint that plaintiff and defendant, in 1882, formed a partnership for the purchase and sale of real es<tate. Clanton was to furnish all the funds and moneys for investment and to purchase real estate for plaintiff to sell. Plaintiff was to furnish the skill and perform the labor of selling all or as much of said real estate as could be sold. From the proceeds, if any, there should be paid: 1. The cost of the land, with interest; 2. The expense of selling; and 3. The residue, if any, was to be divided equally. The plaintiff was to furnish office and the necessary clerks.
It is averred that in December, 1882, defendant purchased with his own funds a tract of land called the Harlan tract, containing one hundred and sixty acres, which the parties subsequently caused to be divided into five acre tracts, and all of which plaintiff has negotiated and sold at a profit of $4,156.50. It is charged that defendant has received to his own use all the proceeds of the sale, including the purchase price and interest stipulated, the costs and expense of sale, and retains $2,-312.51 profits in excess of his share, and that plaintiff has paid certain sums as expenses, and the exact amount due plaintiff cannot be ascertained without an accounting.
The defendant denies all the allegations of the complaint, hut admits and avers that he employed plaintiff as a real es *453 tate broker to sell the Harlan, tract, and agreed that when all the land was sold at prices to be fixed and agreed to by the defendant, and the cost of the land with eight per cent per annum interest was paid from such proceeds, and the expenses incurred in subdividing and selling were paid, plaintiff was to have one-half of the remainder, if any there was, for his services; but that plaintiff has not sold all the land, but abandoned his contract and refused to perform the same.
The findings are for the plaintiff and against the contention of the defendant, except that it is found that the sales resulted in an advance of $4,155 over the purchase price; that the current rate of interest was eight per cent; and after deducting interest and expenses there remained in the hands of Clanton $3,457.23 profits to be divided between plaintiff and defendant, one-half of which belonged to plaintiff.
Plaintiff, therefore, recovered judgment for $1,725.61, with interest and costs.
The chief contention between the parties in this court has reference to the character of the contract. Most of the averments in regard to it contained in the complaint are admitted, but the defendant contends that the contract did not create the relation of partners. But since the statute of frauds is not relied upon, I cannot see how it was material for plaintiff to show that the contract created a partnership if—as the court found—the entire Harlan tract was sold. The complaint shows a contract to sell the land for defendant for one-half of the profits, ascertained in a specified way. The contract admitted by the defendant is to the same effect, except that defendant contends that the contract was to sell the entire tract of land, and that plaintiff is not entitled to compensation unless the entire service contracted for has been rendered. The fact that the relation is wrongly averred to be -that of partners is not material. If a case is stated which entitles the plaintiff to relief, it matters not that the contract- which is correctly set out is wrongly called a contract of partnership. I do not understand the suggestion that the court has no jurisdiction to compel an accounting unless a partnership was created. If plaintiff has a cause of action of which the court,has jurisdiction, and it is necessary to have an aecount *454 ing to determine his rights, it will be done. (San Pedro etc. Co. v. Reynolds, 121 Cal. 74.) Whether the facts would have given jurisdiction to a court of equity is of no consequence. We have no such courts, but our courts afford the remedies to which the facts may show the parties are entitled, whether legal or equitable.
I think the testimony of Coward did not establish a partnership, although he did testify to the facts stated in the complaint as constituting a partnership. It was not such, not only because Coward owned no interest in any partnership property or business and had no control of any business, but throughout was to act under the direction and control of Clanton, and was simply at the end to be only a creditor of Clanton for the value of his services. He really was not to share in the profits, as the term is understood among merchants, or in the decisions concerning partnership. The profits were not, according to his testimony, real profits. They were conventional profits only. If two persons agree to sell goods on a credit, one to take the accounts at their face, and the profits made on that basis to be divided equally, it -is obvious that the division would not be of the profits of the business if there were any bad debts. This is precisely the character of the business testified to by Coward. He was only a real estate agent. As he testifies, he was in no way concerned in regard to the moneys actually realized from the sales, but only in the amount of sales, whether by executory contract or otherwise, which he could induce Clanton to accept. This is not a carrying on of business by partners.
Hor is it true that our code makes profit-sharing a test of partnership. It would not lack much of a good definition of a partnership if the clause in regard to a division of profits were omitted. It would read: “Partnership is the association of two or more persons for the purpose of carrying on business together.” This is now said to be the distinguishing feature of a partnership as established in Cox v. Hickman, 8 H. L. Cas. 268. (See full discussion and citation of authorities in Eastman v. Clark, 53 N. H. 276.)
But in litigation between partners, or those who may be so considered, it is not often necessary to determine whether *455 that relation exists or not. A partnership is not like a corporation, from which certain consequences necessarily follow. As to the parties to it the contract of partnership is like any other, and the powers conferred, duties enjoined, and liabilities imposed are to be deduced from its terms. This idea was expressed by Mr. Justice Lindley in Walker v. Hirch, 27 Ch. Div. 260. He said: “Persons who share profits and losses are, in my opinion, properly called partners; but that is a mere question of words; their precise rights in any particular case must depend upon the real nature of the agreement into which they have entered.”
In this case, if the tract had all been sold there would be no difference in the outcome, whether the contract be regarded as creating a partnership or not. If the property had not all been sold, and there were a partnership, still, if the proceeds were sufficient in amount to repay the purchase price and expenses, the residue would be profits to be divided. If a contract for services, as the contract was entire, if the land were not all sold plaintiff has not performed his contract. Either conclusion would be reached only by construing the contract, and although under one construction the relation might be that of partners, and under the other of employer and employee, they are both within the scope of the complaint.
It seems to be conceded that, if the tract was all sold, and the pleadings are not defective in the respects noted, plaintiff is entitled to recover. Whether all had been sold or not—aside from the question of partnership—is the main fact in controversy; and I think if the relation had been that of partnership in the ordinary sense, if plaintiff was to have a share of the profits made in the transaction, it would be necessary to hold that it was not sold. Then plaintiff would be required to share in the risk of loss from the fact that some purchaser on credit might fail to complete his purchase. -But if plaintiff was, as appellant contends, acting merely as a real estate agent, and as compensation was to receive—not a share in the profits proper— but a share in the increment after certain specified reductions, then I think the contract has been performed on the part of plaintiff; or, rather, there is evidence sufficient to sustain the finding to that effect. There is evidence tending to show that purchasers for the entire tract, who were accepta *456 ble to and who were accepted by defendant, and with whom satisfactory contracts were made, were found by plaintiff.
As to the Baton tract, there is a sharp conflict in the evidence, but the testimony of Coward is positive that it was looked upon as a sale of a portion of the Harlan tract, and was accepted by Clanton as such. A similar remark may be made as to the other tracts. Only executory contracts were entered into, but there was evidence that Clanton accepted them as sales within the terms of their contract; and, if the relation was that of vendor and broker, he could not have done otherwise.
I do not understand upon what ground interest was allowed, but no point is made as to that, and perhaps reason could have been shown for such action.
The order and judgment are affirmed.
Henshaw, J., and McFarland, J., concurred.