## WARD *v.* STATE.

[73 South. 865—72 South. 703, Division B.]

EMBEZZLEMENT. *Embezzlement by partner.*

Where a defendant, indicted for embezzlement, defended on the ground that he was a partner and the evidence showed that the prosecutor was to furnish all the money for timber and lands to be bought for him and to pay all expenses and stand all losses, and defendant was to have half of the profits, if any, for his time and work in connection with the business, this was not sufficient to show a partnership between the prosecutor and the defendant, since to constitute a partnership, there must be some joint liability and joint ownership of the partnership property, and a partnership is not presumed in dealing in real estate.

APPEAL from the circuit court of Jasper county.
HON. W. H. HUGHES, Judge.

ON SUGGESTION OF ERROR.

The facts are fully stated in the opinion of the court.

*S. A. Witherspoon*, for appellant.

We call the court's attention to the following authorities as to what facts are necessary to constitute a partnership where two parties go into a venture under which one is to furnish the capitol and the other the services for a division of the profits. They hold that the resulting relation is one of partnership and that neither partner can be found guilty of embezzlement of the funds and property embarked in such venture.

In the case of *McCrary* v. *The State*, decided by the supreme court of Texas, May 22, 1907, 14 Am. & Eng. Ann. Cases 722, Maxfield was a music dealer and was engaged in receiving organs on consignment from the Farrano Organ Company until purchase price and freight were paid. Maxfield in the course of this business employed appellant, the terms being that Maxfield was to furnish appellant with a team and vehicle, and to pay his board while in town, which was estimated at six dollars per month and was to take care of the team; that on trips, appellant was to pay his own expenses. Appellant was to sell the organs and he and Maxfield were to divide the profits. Appellant sold one of the organs and converted the proceeds to his own use. Having been convicted in the lower court, McCrary appealed and argued that the conviction below was erroneous because the relation between himself and Maxfield was that of partnership; that the organs and the proceeds thereof were partnership property and consequently could not be the subject of embezzlement.

The court sustained this contention and in so doing said: There is a good deal of testimony in the record showing their course of business, which was in effect when an organ was placed in the hands of appellant,

he was to account to Maxfield for forty-five dollars plus the freight, which was on each organ four dollars and fifty cents, and when this was paid off, then appellant and Maxfield were to share equally in the profits. Nothing is said in the contract as to appellant's receiving a share of the profits or commissions on the sale as wages, but simply the parties were to share equally in the profits, and it seems that some organs of the same character sold for one price and some for another, one hundred ten dollars being the maximum price for such organs; sometimes property was taken in part pay, and sometimes payment was made in cash and notes. We understand the relationship between these parties is much like where two parties made a contract by which one furnishes the stock in trade, as a merchandise, and the other party takes charge of the business and makes the sales, and they mutually share the profits which is the balance after the stock is paid for. In such case we understand the rule to be that such parties are copartners. See *Kelley Island Lime, etc., Co.* v. *Masterson*, 100 Tex. Crim. 293, 53 S. W. 635, 886; *Reed* v. *State*, 16 Tex. App. 586; *Ray* v. *State*, 44 Tex. Crim. 433, 71 S. W. 973. It is held in some of the above authorities that a person who is a copartner of another cannot be guilty of embezzling partnership property. According to our view, the property here involved, both the organ and the profits, if any arising from a sale thereof, was the property of the copartners as between said Maxfield and appellant; consequently he could not be guilty of embezzlement thereof as the property of Maxfield. *Northcut* v. *State*, 131 S. W. 1128, 31 L. R. A. (N. S.) 822, 31 L. R. A. (N S.) 822; *State* v. *Reddick*, 2 S. D. 124, 48 N W. 846, 8 Am. Crim, Rep. 204; *Gary* v. *Northwestern Mut. Aid. Asso.*, 87 Iowa, 25, 53 N. W. 1086; *Manuel* v. *Straw*, 44 Tex. Crim. Rep. 433, 71 S. W. 973; *State* v. *Butman*, 61 N. H. 511, 60 Am. Rep. 332; *Dancy* v. *State*, 41 Tex. Crim. Rep. 299, 53 S. W. 886, reversing on rehearing 41 Tex. Crim.

Rep, 293 S. W. 635; *Railroad* v. *Taffs,* 4 Cox C. C. 169;
*Van Etten* v. *State,* 24 Neb. 743, 1. L. R. A. 669, 40 N. W.
289.

The Mississippi statute on the subject of embezzle-
ment is section 1136 of the Code.

Under this section it will be noted that the persons
who may be convicted under it are named: "Director,"
"agent," "servant," "clerk," etc., and no mention is
made of a partner.

Again the statute covers only the embezzlement of
money, etc., coming in the hands of such person by vir-
tue of his "office or place or employment." None of
which terms would cover the relation of one partner
to the other.

It is clear therefore that the Mississippi statute
does not cover the misappropriation of partnership
funds by a partner.

Embezzlement is a statutory crime and a criminal
statute in derogation of the common law and must be
strictly construed in favor of the accused. *McInnis* v.
*State,* 97 Miss. 280; *Napoleon* v. *State,* 3 Tex. App.
522; *Dancy* v. *State,* 53 S. W. 866; *State* v. *Butman,*
71 N. H. 511, 60 Am. Rep. 332, 26 Ind. 281, 28 N. E.
703; *Gary* v. *Northwestern Mut. Aid Assoc.,* 87 Ia. 25,
53, N. W. 1086; *State* v. *Butman,* 61 N. H. 511, 60 Am.
Rep. 332; *Com.* v. *Arnheim,* 3 Pa. Super. Ct. 104; *State*
v. *Snell,* 9 R. I. 112; *State* v. *Reddick,* 2 S. D. 124, 48
N. W. 846; *Napoleon* v. *State,* 3 Tex. App. 522; *Dancy*
v. *State,* 41 Tex. Crim. 293, 53 S. W. 635, 886, *Manuely*
v. *State,* 44 Tex. App. 433, 71 S. W. 973; *Ray* v. *State,*
48 Tex. Crim. 122, 86 S. W. 761; *McCrary* v. *State,* 51
Tex. Crim. 496; *Carter* v. *State,* 53 Ga. 326; *Rex* v.
*Mason Dowl. & R. N. P.,* 16 C. L. 417.

We trust that the highest court in the state, re-
sponsible for the enforcement of justice and the adminis-
tration of the law, will not allow the criminal courts un-
der its control to be coverted into an extortion agency
before which law-abiding citizens can be brow-beaten

into paying money or conveying land or ruined and disgraced to appease dissapointed avarice.

*Earl Floyd,* Assistant Attorney-General, for the state.

The fourth instruction as stated by appellant's counsel precludes any consideration at the hands of the jury on the question of whether the appellant was Pugh's partner. I submit that the facts outlined in this instruction, if believed, are such as to constitute solely the relation of principal and agent rather than that of a partnership. The testimony of all witnesses agree, and appellant· himself admits, that there was no agreement for the appellant to share the losses of these transactions. He was merely employed to buy and sell timber lands and receive as his commission one-half of the profits. There is nothing disclosed by the record to show that there was that relation or community of interests to constitute a partnership. To constitute a partnership, an agreement to share loss is essential, a sharing of profits alone being insufficient. *Haswell* v. *Standring et al.,* 153 Iowa, 291, 132 N. W. 417, Ann. Cas. 1913B. 1326; *McGaw* v. *Pulling, Freeman Chancery,* 357; *Van Duzen* v. *Zimmerman Lbr. Co.,* 70 Miss. 193.

A partnership as defined by Chancellor KENT, and sanctioned by hundreds of cases is: "A contract of two or more competent persons to place their money, effects, labor and skill, or some or all of them, in legal commerce or business, and to divide the profit and bear the loss in certain proportions." 30 Cyc. 349.

To constitute a partnership *inter sese* there must be a community of losses as well as profits. "A contract for the remuneration of a servant or agent of a person engaged in a business by a share of the profits of the business does not, of itself, make the servant or agent a partner in the business. In such a case there is no com-

munity of interest in the capital stock; the agent or servant does not act as, and is not a principal, trader; he is not clothed with the usual powers, rights or duties of a partner, but is subject to the orders of the owner of the business, and he has nothing to do with the losses except as they affected the amount of his remuneration." 30 Cyc. 376; *Bacot* v. *Hazelhurst,* 23 So. 481; *Harris* v. *Threefoot,* 12 So. 335.

The above authorities amply substantiate the state's contention that there is no reason whatever to attribute to these transactions the relation of a partnership. The authorities are harmonious in holding that any transactions of this kind, involving lands the presumption is against the existence of a partnership. 30 Cyc. 355.

It is manifest that in this case there was no partnership relation but there was merely an agreement to share the profits. This basis of compensation was made between them as principal and agent and no doubt was agreed upon by the principal in order to secure greater activity and diligence on the part of the agent. There is nothing disclosed by the record to rebut this clear inference. It might be argued as true that the principal was in need of a guardian to protect him against the acts of his agent and against his own negligence, faith and credulity in his erstwhile friend, but this in nowise establishes any proof of a partnership relation. The appellant did not have one nickel invested in the enterprise but was merely employed by his principal to buy timber lands for him with the latter's funds, as such consideration would necessarily be predicated to the wrong assumption of facts.

ETHERIDGE, J., delivered the opinion of the court.

This case was affirmed at a former day of this term of the court and is now before us on suggestion of error, and it is insisted that by affirming the case the court

necessarily held that the crime of embezzlement could be committed by one partner in a partnership transaction. The error relied on in the appeal principally was a refusal of an instruction that, if Ward and prosecuting witness were partners in the venture, then the jury should find for the defendant; and the appellant contends in the arguments that his evidence in the trial showed a partnership. The case was affirmed on the theory that the defendant's evidence failed to show a partnership, there being no dispute but what the state's evidence negatives a partnership. On cross-examination defendant testified as follows:

"Q. Now let's see; you say that this man furnished the money? A. Yes, sir. Q. To buy the land? A. Yes. Q. He furnished all the money? A. Yes. Q. He was to give you half of the profits and stand all the loss, is that true, if there was loss? A. Yes. Q. And was himself to pay all the expenses? A. He was to furnish all the money. A. He was to furnish all the money and pay all expenses? A. Yes. Q. Every bit of the expenses? A. Yes. Q. Do you tell this jury that this man furnished you the money to buy lands for him and was to pay all the expenses, every nickel of expense, and to give you half of the profits of his land when he sold it when you was not out a nickel for a thing; is that what you tell the jury that is what he undertook to do? A. My time and work. Q. He was going to pay all the actual expense, to put up all the money, and take all the risk? A. Yes."

It will be seen that under the appellant's testimony prosecuting witness was to furnish all the money, the timber and lands were to be bought for him, and he was to stand all the loss, and that Ward was to only have half of the profits, if there were any, for his compensation in the transaction. We do not think that there was any partnership, even on the defendant's evidence, and that a partnership is not to be presumed from the mere division of profits. There should be some joint liability

and some joint ownership of the partnership property, if there was a partnership, in each partner, and the proof in this case is insufficient to show a partnership, and the partnership is not presumed in dealings in real estate. 30 Cyc. 354, 362; *Clark* v. *Emery,* 58 W. Va. 637, 52 S. E. 770, 5 L. R. A. (N. S.) 503. It will be seen in the monographic note to this case that the questions of partnership turn on delicate distinctions, but we do not believe it is shown by this record. The suggestion of error is therefore overruled.

*Overruled.*