[Civ. No. 2658. First Appellate District, Division One.—April 7, 1919.]

## AUDITORIUM COMPANY (a Corporation), Appellant, v. C. BARSOTTI, Respondent.

[1] PARTNERSHIP — ACTION AGAINST — FINDING AS TO EXISTENCE OF — SUFFICIENCY OF EVIDENCE.—In this action against three alleged members of a copartnership, there was sufficient evidence to support the finding of the trial court that a copartnership was not' shown to have existed between the defendants so as to render one of them liable upon the obligations created as between the other two and the plaintiff.

[2] ID.—ADMISSIBILITY OF PAROL EVIDENCE.—Where one of the defendants in such action had merely pledged his credit at a certain bank that the other two might secure certain money, in consideration of his receiving one-third of the profits to be derived from the enterprise contemplated by the other two defendants, and such money was to be repaid out of the first profits, the court properly admitted parol evidence to show that he was not' a partner, notwithstanding the terms of the written agreement between the defendants strongly indicated that relationship between them, where the plaintiff had no knowledge of the existence of any partnership relationship between the three defendants and did not extend credit to them upon the belief that such relationship existed.

[3] ID.—WHAT CONSTITUTES—DIVISION OF PROFITS NOT SUFFICIENT.— The mere oral agreement between two or more persons to divide the profits of an undertaking is not sufficient to constitute them partners. It is the association of two or more persons for the purpose of carrying on business together which is the distinguishing feature of a partnership.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

Olin Wellborn, Jr., A. I. McCormick and Stephen Monteleone for Appellant.

Charles Baer for Respondent.

RICHARDS, J.—This action was commenced by the plaintiff against the defendants, who were alleged to be partners doing business under the firm name and style of the "Western Metropolitan Grand Opera ·Co.," to recover the aggregate sum of $9,739.86 upon three separate counts, the first and second being upon accounts stated for the sums of $2,490.34 and $4,949.52, respectively, and the third count being for money had and received in the sum of two thousand three hundred dollars. The defendant D'Avigneau defaulted, and the action as to him was later dismissed. The defendants Barsotti and Patrizi answered separately, each denying that Barsotti was at any time a member of the alleged copartnership, but each alleging that the defendants Patrizi and D'Avigneau constituted its only members. The only issue presented upon this appeal is as to whether the defendant Barsotti was in fact a partner of his codefendants. The trial court found that he was not and rendered judgment accordingly in his favor. The plaintiff and appellant herein urges that the evidence is insufficient to support the findings and judgment of the court in this regard.

'A review of the record in the case convinces us that the evidence is sufficient to fairly establish the following facts: During the year 1913 the defendants Patrizi and D'Avigneau were interested in the production of grand opera. In the spring of that year the former of these discussed with the officers of the plaintiff the matter of the organization of a company for the purpose of playing grand opera engagements in San Francisco and Los Angeles during that year. To that end Patrizi became associated with D'Avigneau, and on August 13, 1913, an agreement in writing was entered into between the officers of the plaintiff and Patrizi and D'Avigneau as parties of the second part by which the former were to advance to the latter the sum of seven thousand five hundred· dollars on or before August ·31, 1913, upon the express condition that the latter should secure on or before said date

the additional sum of twelve thousand dollars, which com-
bined sums were to be used for the purpose of organizing and
operating an opera company to fill said engagements. Patrizi
and D'Avigneau endeavored to raise this sum, said sum to be
supplied by them by subscription, but failed in this endeavor,
whereupon D'Avigneau suggested to Patrizi that he attempt
to obtain the money from his friend Barsotti. They dis-
cussed between themselves the inducement apparently in the
way of a bonus which should be offered to Barsotti to furnish
this money, and agreed to offer him one-third of the profits
of the San Francisco and Los Angeles engagements. Patrizi
went to Barsotti with the proposition and induced him to ad-
vance the sum of ten thousand dollars. Barsotti and Patrizi
both testify that this was to be an advance to be repaid out of
the first profits earned in these engagements. Thereupon
Patrizi drew up the document which is mainly relied upon
by the appellant herein as being the articles of the alleged
partnership, which document was signed by Patrizi, D'Avig-
neau and Barsotti. It recited that it was the intention of
the parties to it to establish an operatic organization to be
known as the "Western Metropolitan Opera Company," to
give an opera season in San Francisco and in Los Angeles, and
that it was agreed by them that "each will hold one-third
interest in said enterprise, and that if any profits will be de-
rived from same at the end of the contemplated season, said
profits are to be divided equally among said three parties."
As to the part which Barsotti was to perform in this under-
taking, it was agreed: "Dr. C. Barsotti will help Messrs.
Patrizi and D'Avigneau in securing a certain sum of money
of about ten thousand dollars by a note to be signed also by
E. Patrizi and E. D'Avigneau, and to furnish certain bonds
and guarantees which may be needed to help the work and
development of the enterprise." The evidence further shows
that after the execution of this agreement, Barsotti did pledge
his credit at a certain San Francisco bank by which the sum
of ten thousand dollars was realized, and that thereafter the
two defendants Patrizi and D'Avigneau went ahead with the
execution of the contract which they had entered into with
the plaintiff's officers. The evidence sufficiently shows that
as to the transactions between these two defendants and the
plaintiff through its officers Barsotti was never consulted, nor
his consent or signature asked or given in the making or

signing of agreements or in any of the negotiations between these parties, and we think the evidence also sufficiently shows that neither the plaintiff nor any of its officers were aware of any such relation as that of partnership between Barsotti and his two codefendants until after the liabilities upon which this action is predicated had arisen, and that at no time did the plaintiff deal with or extend credit to his said codefendants upon the belief that Barsotti was their copartner.  While upon the witness-stand both Barsotti and Patrizi denied the existence of such copartnership, and both testified that the understanding and agreement was that the money secured through Barsotti's credit and accommodation was to be repaid to him whether the opera enterprise was successful or not.

[1] Upon the face of the foregoing state of facts we think there was sufficient evidence to support the finding of the trial court that a copartnership was not shown to have existed between Patrizi, D'Avigneau and Barsotti so as to render the latter liable upon the obligations created as between the former two persons and the plaintiff herein.  It is true that the written agreement upon which the plaintiff relies as conclusively establishing such relation, standing alone, would strongly support such a conclusion; and while, as between the parties to it, or as between them and third persons extending credit upon its face as forming such partnership relation, the parties to it would not be permitted to contradict its terms, this principle does not apply to cases where the question as to what the real understanding between the parties signing the agreement was, arises as between them or any of them and outside parties who have in their dealings not known of or depended upon the existence of a partnership relation. [2] Under such conditions the parties may be permitted orally or by circumstances to show that no partnership in fact was contemplated between them, notwithstanding the terms of their written agreement.  It is to be noted in this connection that the words "partners" or "partnership" are nowhere to be found in the writing upon which the plaintiff mainly relies, but that the partnership, if any, is to be inferred from the fact that the parties to it were to share equally in the profits, if any, of the enterprise which the two parties other than Barsotti were to actively engage in. [3] It has been quite uniformly held that the mere agreement between two or more persons to divide the profits of an undertaking

is not sufficient to constitute them partners, but that it is "the association of two or more persons for the purpose of carrying on business together," which is the distinguishing feature of a partnership. (*Hammond* v. *Borgwardt*, 126 Cal. 611, [59 Pac. 121]; *Coward* v. *Clanton*, 122 Cal. 451, [55 Pac. 147]; *Vanderhurst* v. *De Witt*, 95 Cal. 57, [20 L. R. A. 595, 30 Pac. 94]; *Cadenasso* v. *Antonelle*, 127 Cal. 382, [59 Pac. 765]; *Title Insurance & Trust Co.* v. *Grider*, 152 Cal. 746, [94 Pac. 601].) An instructive case strongly resembling, in some of its aspects, the case at bar, is that of *Gille H. & I. Co.* v. *McCleverty*, 89 Mo. App. 158, in which the court says: "We think that the contract shows it to have been the intention that McCleverty should advance a certain amount of money, which Harrison was to use in his mercantile business, and if successful he was to return it with one-third of the profits; and if unsuccessful, and the advancement was lost, then that was to be the end of the matter as far as the former was concerned. It is true that the contract does not expressly provide that Harrison was to return the advancement, but we think that fact may be fairly inferred from all the facts and circumstances disclosed by the transaction. Our conclusion is that the transaction between the defendants did not create the partnership relation, but rather that of debtor and creditor."

It will thus sufficiently appear that it is our conclusion that the findings and judgment of the trial court are amply supported by the evidence in the case.

Judgment affirmed.

Waste, P. J., and Kerrigan, J., concurred.