[Civ. No. 5811.  First Appellate District, Division Two.—August 22, 1927.]

E. L. HEEBNER, Appellant, v. BEN SENDERMAN, Respondent.

Chickering & Gregory for Appellant.

Judson, Martin & Jorgensen for Respondent.

KOFORD, P. J.—Plaintiff sought by this action of partnership accounting to require defendant to pay one-half of the losses sustained in the purchase and sale of two carloads of catsup. Defendant denied any partnership relation and asserted that the loss, if any, fell upon plaintiff alone. The trial resulted in a judgment for defendant. ■ Plaintiff appeals, claiming that the testimony shows enough undisputed facts to compel a finding that the transaction was a partnership or at least a joint venture.

Defendant was the manager of a fish-packing business in Monterey. Plaintiff was a New York broker dealing in foodstuffs. He made semi-annual visits to the Pacific coast and frequently called on defendant at his place of business. On one such trip plaintiff had been buying large quantities of catsup on this coast. He called on defendant and asked him to secure for him more catsup at a favorable price. Defendant obtained the promise of a San Francisco firm to sell two carloads at sixty cents a gallon, although the market price was about ninety cents. Defendant was able to make this purchase on account of the friendly business relations existing between his firm and the San Francisco firm mentioned and by defendant's representing that the catsup purchased was for himself and his own use. The plaintiff then asked the defendant to obtain this catsup and have it shipped to Monterey, because it was necessary that the seller believe that the defendant would use the catsup himself, repack the catsup, sparing no expense in this regard, and ship both carloads to the plaintiff in New York. The plaintiff agreed that he would purchase the catsup by taking up the drafts on their arrival in New York and that, in order to repay the defendant for obtaining the catsup at so low a price, he would give the defendant one-half of the profits which should be made upon the resale of the catsup. Nothing was said by either party as to losses, such a contingency not being contemplated, in view of the condition of the market. The catsup was shipped to Monterey, where defendant repacked and reshipped it to plaintiff in New York, sending bills and drafts for the amount of the purchase price and expenses. These were paid by the defendant before receiving delivery of the shipments. The resale by plaintiff of the catsup in New York extended over a considerable period of time and resulted in a net loss.

There was other testimony introduced at the trial, some of which was in dispute. This testimony concerned the actions and conduct of the parties in their relation to each other and to third parties. It gave many other details of the transaction. This testimony gave justification for the trial court to believe that it was not the intention of the parties to become copartners or joint venturers, but, on the contrary, that the intention was to make an agreement by which plaintiff undertook to give defendant one-half the profits simply by way of compensating him for his services in obtaining the catsup and that that was the full extent of defendant's interest and control in the matter. The precise wording of the initial business conversation of the parties was not such as to prohibit the findings made by the trial court. The rights of third parties are not involved in this action. It concerns only the parties themselves, so the nature of the relationship they have contracted with each other is to be determined by their intention like in other contracts. (*Wheeler* v. *Farmer*, 38 Cal. 203; *Westcott* v. *Gillman*, 170 Cal. 562 [Ann. Cas. 1916E, 437 [n], 150 Pac. 777] ; 2 Rowley's Modern Law of Partnership, sec. 880; 33 Cor. Jur. 845.) ▮ It is not true that every agreement to divide profits imports a partnership or joint venture and therefore imports an agreement to divide losses as well as profits. Respondent has cited numerous cases where agreements to divide profits have been held not to import a partnership or joint venture. Among these we mention two which seem quite similar to the case at bar, *Coward* v. *Clanton*, 122 Cal. 451 [55 Pac. 147], and *Vanderhurst* v. *De Witt*, 95 Cal. 57 [20 L. R. A. 595, 30 Pac. 94]. See, also, 33 Cor. Jur. 847.

▮ After receiving from plaintiff payment for the shipments to New York, defendant turned about and paid the San Francisco firm the purchase price of the same and in so doing received a one per cent cash discount. Appellant contends that the trial court in any event, regardless of partnership or like relationship, should have given him judgment for the amount of this discount. We cannot see how this point had to be considered by the trial court where no accounting was taken nor partnership found to exist. The pleadings do not present this as an issue and without different pleadings the court was not called upon to decide it

unless it came up in taking an account. Where there was no partnership or similar relationship, the evidence sustains the view that defendant made an outright sale to the plaintiff at the agreed price of sixty cents and that defendant's discount was in compensation of an immediate payment by him which he could have made or not according to his convenience.

For the foregoing reasons the judgment appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 20, 1927.