[Crim. No. 1519. Second Appellate District, Division Two.— September 14, 1927.]

THE PEOPLE, Respondent, v. LLOYD G. HOTZ, Appellant.

John S. Cooper and Greenschlag & Schaffer for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

THOMPSON, J.—The defendant was convicted by the verdict of the jury with the offense of embezzlement and appeals from the judgment pronounced upon the verdict and an order denying his motion for a new trial.

The facts essential to an understanding of this appeal are as follows: C. B. James & Son were the owners and operators of a garage in San Fernando and as a part of that business sold new and used automobiles. Shortly before January 1, 1927, they orally entered into an agreement with the defendant whereby he was to sell new automobiles for them and to receive as his compensation, as stated by defendant, "50% of the net profits of the sale of new cars, and 50% of the sale of used cars that we were taking in trade, and if it was sold for any less I was to assume 50% of the loss of the sale." Amplified by other witnesses, the contract under which the defendant went to work provided

that he was to receive as his compensation one-half of the amount realized upon the sale of a new car over and above its cost, with the further understanding that if a used car were accepted as part payment and it was resold for a sum less than the sum allowed when taken in exchange, plus the cost of conditioning it for resale, if any, one-half of such deficiency was to be charged against the defendant. "The net profits" referred to by the defendant was defined by the witness Raleigh James as being the difference between the cost price and the selling price, and the loss referred to by the defendant as being the loss upon any automobile taken in on a sale of a new car by the defendant.

■ There is no denial of the fact that the defendant used the proceeds resulting from the sale of a new car by him in the sum of $500, but he asserts that the relationship which existed between himself and C. B. James & Son was that of a partnership. He does not contend that he was a partner in the general garage business, but only in the business of selling new automobiles. He further asserts that inasmuch as the money used by him was partnership funds that he could not be guilty of the offense of embezzlement. Since it is well established that a partner cannot be guilty of embezzlement of partnership funds (*Ex parte Sanders*, 23 Ariz. 20 [17 A. L. R. 980, and annotation, 982, 201 Pac. 93]), the sole question for determination is whether the contract made did constitute the defendant a partner. It should be noted that in all of the testimony of the witnesses they referred to the employment of the defendant rather than entering into a copartnership.

■ While the substance and terms of the agreement must govern, some weight should be given to the designation adopted by the parties. (*Title Ins. & Trust Co.* v. *Grider*, 152 Cal. 746 [94 Pac. 601]; *Auditorium Co.* v. *Barsotti*, 40 Cal. App. 592 [181 Pac. 413]; *Gray* v. *Yarbrough*, 61 Cal. App. 724–729 [215 Pac. 914].) ■ As a further indication of the intent of the parties it should be noted that the agreement did not contemplate any deduction for general overhead expense prior to the division between the defendant and C. B. James & Son. While the term "net profits" was used, its subsequent definition proved that compensation was based on gross profits, subject only to the deduction liable to arise by reason of taking in as part

payment a used automobile at too great a value. It is apparent, therefore, that there was no joint liability. Furthermore, there was no community of interest in the automobiles to be sold. The agreement in no way contemplated that they should become partnership assets. Some joint ownership and joint liability are essential elements of a copartnership undertaking. (*Ward* v. *State,* 113 Miss. 22 [73 South. 865].) ·  ██  Again it should be borne in mind that the agreement did not provide that the defendant and C. B. James & Son should carry on business together, but rather that the defendant should sell automobiles for C. B. James & Son, who had the direct control of the business. Perhaps the most distinguishing feature of a copartnership is the association for the ''purpose of carrying on the business together'' (*Coward* v. *Clanton,* 122 Cal. 451–454 [55 Pac. 147]), and the agreement to divide profits is not sufficient. (*Auditorium Co.* v. *Barsotti, supra.*) It is stated in the case of *Wheeler* v. *Farmer,* 38 Cal. 203–213, that one of the elements of partnership is the ''community of interest in the capital, stock, profit or loss,'' and that ''an agreement to divide gross earnings does not constitute the parties to it partners.'' There can be no question under the authorities cited that the relationship existing between the parties here was that of the principal and agent rather than that of partners.

The judgment and order are affirmed.

Works, P. J., and Craig, J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on November 10, 1927.