[L. A. No. 15380. In Bank.—December 23, 1935.]

CHARLES S. SPIER, Appellant, v. MAJOR C. D. LANG et al., Respondents.

N. SMITH, Appellant, v. LANG-WALL CO. (a Copartnership, etc.) et al., Respondents.

BUCK & STODDARD, INC. (a Corporation), Appellant, v. C. D. LANG et al., Respondents.

William B. Spivak, J. George Gold, Ivan G. McDaniel, Jennings & Belden and Stevens Fargo for Appellants.

Edward A. Adams, Robert L. Collins, Maggart & Miller, Victor Ford Collins, Roy Maggart, Geo. A. Miller, McGee &

Robnett, C. A. A. McGee, and A. M. Cannan for Respondents.

SHENK, J.—The plaintiffs in three actions, later consolidated for trial, sued to recover for materials furnished to the "Lang-Wall Company", for the purpose of drilling for oil on a leasehold owned by the defendant C. D. Lang. The "Lang-Wall Company" was not an incorporated company, but was the fictitious name under which the business of drilling on the leasehold was conducted. The several plaintiffs sued the lease owner, Lang; also other persons (who alone will be referred to as the defendants), who had advanced money to Lang for the purpose of drilling wells on the premises, on the theory that they were partners of Lang or joint adventurers so as to make them jointly liable on the several obligations. Whether such a partnership relation existed was the only issue on the trial.

The order of consolidation for trial was pursuant to stipulation and an order entered April 1, 1932. The court found for the plaintiffs and against all of the defendants, and judgment was entered accordingly on June 9, 1932. Notices of the entry of said judgment were filed, the last one on June 18, 1932. The defendants moved for a new trial and on August 3, 1932, the court entered the following minute order: "Motion for a new trial by said defendants, heretofore submitted on July 27, 1932, is now by the court denied. Judgments are modified to be against C. D. Lang only." An order signed by the judge and dated August 3d, in conformity with the minute order and directing preparation of amended findings and judgment, was filed on September 13th. Also under date of August 3, 1932, the findings of fact and conclusions of law were changed and the judgment modified in accordance with the order of that date. They were served on the plaintiffs' counsel on August 16th, were filed on September 13th, and the judgment was entered on September 16, 1932.

The first contention on the appeal is that the court had no power to amend or modify the judgment because, so it is claimed, the modification was not made in any of the modes authorized by law; and, further, that if the court had the power, pursuant to section 662 of the Code of Civil Procedure, to make new findings and modify the judgment on denying

the motions for a new trial, nevertheless its order in that respect was made after the expiration of the sixty-day period within which it had the power to make a ruling thereon, and was of no effect.

Section 662 of the Code of Civil Procedure was added by the legislature in 1929 (Stats. 1929, p. 843), and provides: "In ruling on such motion [for a new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, or, in lieu of granting a new trial, may vacate and set aside the findings and judgment and reopen the case for further proceedings and the introduction of additional evidence with the same effect as if the case had been reopened after the submission thereof and before findings had been filed or judgment rendered. Any judgment thereafter entered shall be subject to the provisions of sections 657 and 659 of this code."

It is the plaintiffs' contention that the language of the section does not give the court the power to change the findings and modify its judgment so as to make a new or different judgment unless a new trial be granted. But we do not find the difficulty in construing the language of the section which the plaintiffs seek to create. The obvious purpose of the statute, discerned from the language employed, was to give to the court on denying the motion for a new trial the broad power to change its findings and to modify its judgment and thus avoid the necessity of a new trial. This was to subserve the ends of justice and to prevent unnecessary delays in cases where the court deemed itself mistaken as to its previous view of the evidence or in the application thereto of the law. Where the question of the extent of the power of the court under the section has previously been considered, the reviewing courts have felt no hesitancy in holding that the trial court had such a broad power under the provisions of the section. (*Moore* v. *Levy,* 128 Cal. App. 687, 696 [18 Pac. (2d) 362]; *Veterans' Welfare Board* v. *Burt,* 4 Cal. App. (2d) 659 [41 Pac. (2d) 587]; *R. Barcroft & Sons Co.* v. *Cullen,* 213 Cal. 208 [2 Pac. (2d) 353]; *Meda* v. *Lawton,* 214 Cal. 588, 591 [7 Pac. (2d) 180].) The cases decided prior to the enactment of section 662 in 1929 cannot control the court in the exercise of its power under the new section.

 The findings of fact and conclusions of law were changed and the judgment was modified by formal documents signed by the judge on or before August 16, 1932, when, according to the record, the plaintiffs' counsel acknowledged service of copies thereof signed by the judge. They were dated August 3, 1932, which was the date of the minute order, and may be deemed effective as of that date. (*Barbee* v. *Young,* 79 Cal. App. 119, 124, 125 [249 Pac. 15].) The fact that they were not filed until September 13th would not destroy the power theretofore exercised within due time. Section 662 of the Code of Civil Procedure sets no limit on the time when the court, after pronouncement of its determination, must sign and file its order. (*De Arman* v. *Connelly,* 134 Cal. App. 173, 180 [25 Pac. (2d) 24].) The language of section 660 of the Code of Civil Procedure indicates that so long as the court "passes" on the motion within the sixty-day period, it has lawfully exercised its jurisdiction to determine the motion, and the filing of the formal order or findings and judgment "thereafter", when the time of filing is subsequent to the last day of the sixty-day period, does not amount to a denial of the motion by operation of law. (*Holland* v. *Superior Court,* 121 Cal. App. 523, 531, 532 [9 Pac. (2d) 531].)

 The other principal contention on this appeal is that the evidence does not support the modified findings and judgment that the defendants did not sustain a partnership relation with Lang and that therefore C. D. Lang alone was liable on the obligations. Each of the other defendants paid to Lang amounts ranging from $100 to $15,000 pursuant to a contract which provided that the landowners were to receive 16⅔ per cent of the well, and that C. D. Lang was to receive 12 per cent for the use of rotary apparatus and two per cent for supervision, before the defendants should be repaid. Out of the next proceeds the defendants were to receive back the principal of the sums paid by them. The remaining percentage was to be considered as profit and was to be divided one-half to Lang, the owner of the lease, and the other half to the defendants proportionately. It was expressly provided that except for the percentage for the use of the rotary and for supervision the lease owner was to receive nothing until the defendants had been repaid the principal of the sums received from them. The defendants did not participate in

the conduct or management of the business of drilling the wells, and concerted action in the management, control, or carrying on the business was not contemplated by the contract. The court could fairly conclude from the evidence that none of the defendants was ever on the ground for any such purpose and that the plaintiffs did not deliver materials on the faith of the defendants' personal credit. The question whether a partnership or the relation of joint adventurers was created was primarily a question for the trial court to determine from the facts and the inferences to be drawn therefrom. (*O. Krenz C. & B. Works, Inc.,* v. *England,* 109 Cal. App. 747, 751 [293 Pac. 689], and cases cited.) Its conclusion herein has support in the record even with the additional facts appearing, viz., that some of the defendants were members of the family and one of the family names, to wit, Wall, was included in the fictitious company name; and that some of the defendants advanced further funds when such were needed.

The main reliance of the plaintiffs is on the provision of the contract that the defendants were to share in a division of the profits. But this feature of the agreement has long been held not to require a conclusion that a partnership relation existed where also there was no joint participation in the management and control of the business, and the proposed profit-sharing was contemplated only as compensation or interest for the use of the money advanced. (*Vanderhurst* v. *De Witt,* 95 Cal. 57, 62 [30 Pac. 94, 20 L. R. A. 595]; *Coward* v. *Clanton,* 122 Cal. 451, 454 [55 Pac. 147]; *Peoples Lumber Co.* v. *McIntyre & Peters,* 179 Cal. 780 [178 Pac. 954]; *Martin* v. *Sharp & Fellows Contracting Co.,* 34 Cal. App. 584 [168 Pac. 373]; *Auditorium Co.* v. *Barsotti,* 40 Cal. App. 592 [181 Pac. 413]; *O. Krenz C. & B. Works, Inc.,* v. *England, supra; Black* v. *Brundige,* 125 Cal. App. 641 [13 Pac. (2d) 999].) The foregoing conclusion and cited cases are in conformity with the definition of the partnership relation contained in the Civil Code (sec. 2400, Stats. 1929, p. 1898, formerly contained in sec. 2395), which includes as an essential element the joint participation in the conduct of the business. The presence of the same element is necessary to constitute the parties joint adventurers. (See, also, *Martin* v. *Peyton,* 246 N. Y. 213 [158 N. E. 77]; *Pierce* v. *McDonald,* 168 App. Div. 47 [153 N. Y. Supp. 810]; *Farmers' Co-op.*

*Elevator Co.* v. *Farmers' Union Co-op. Exch.*, 127 Okl. 275 [260 Pac. 755] ; *Gille Hardware & Iron Co.* v. *Harrison*, 89 Mo. App. 154; *Cudahy Packing Co.* v. *Hibou*, 92 Miss. 234 [46 So. 73, 18 L. R. A. (N. S.) 975].)

 The plaintiffs urge that subdivision (4) of section 2401 of the Civil Code, providing that the receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner, has some controlling weight in this case. It has no bearing, however, in the absence of any evidence that profits were received, and there is no evidence of the payment of any to the defendants. Furthermore, when the facts warrant its application, that subdivision is to be construed and applied in connection with subsection (d) thereof which provides that such an inference is not to be drawn where the profits were received as interest on a loan although the amounts vary with the profits of the business.

The foregoing disposes of all of the questions raised on the appeal.

The judgment is affirmed.

Seawell, J., Curtis, J., Waste, C. J., Conrey, J., and Langdon, J., concurred.