[Civ. No. 8294.   Third Dist.   Nov. 20, 1953.]

J. O. SWOFFORD, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and J. R. MEADOWS, Respondents.

Wadsworth & Souza for Petitioner.

Edmund H. Thomas, Jr., T. Groezinger and John J. McFall for Respondents.

PEEK, J.—Petitioner J. O. Swofford seeks a review of the award of the commission finding that J. R. Meadows while employed as a truck driver by J. O. Swofford and Hal Swofford, individually and as copartners, sustained an injury arising out of said employment.   It is the sole contention of

petitioner that the evidence is not sufficient to support the conclusion that the two Swoffords (who were father and son, respectively) were acting as copartners or as joint venturers and that the employment, if any, was between Hal Swofford and the respondent Meadows as an individual.

The commission in its return sets forth the general rules relative to findings of the commission when supported by substantial evidence and the general rules relative to the acts and intent of individuals which may be construed as establishing a partnership as distinguished from a formal agreement to so act. In support of such contention the commission relies upon certain testimony that both of the Swoffords were engaged in the same kind of business in the same general location—the son for a period of several months and the father for several years. Reliance is also placed upon other testimony that when it was found that Hal's (the son's) truck was not suitable for hauling beets he and the petitioner together went to the residence of the grower-employer to obtain the use of the latter's truck. According to the son he did not have sufficient finances to rebuild his truck for that purpose, and his father, as his "mouth piece," was endeavoring to buy the truck from the grower. Upon the refusal of the grower to sell the truck the father succeeded in negotiating a rental of the same. After further discussion between the two Swoffords the son suggested to the grower that he rent the truck from him on a percentage basis. This was agreed to by all parties. Thereafter the son obtained the services of Meadows as a driver of the grower's truck and the hauling began. The petitioner was using his truck in the same operation at that time and subsequently the son used his own truck in the same work.

A partnership is defined in Corporation Code, section 15006, as an association of two or more persons as coowners to carry on a business for profit. In other words, two basic elements are necessary, a community of interest in the business and a sharing of profits. (*Auditorium Co.* v. *Barsotti*, 40 Cal.App. 592 [181 P. 413] ; *Fee* v. *McPhee Co.*, 31 Cal. App. 295 [160 P. 397].)

As noted, the evidence relied upon by the commission in support of its conclusion is wholly devoid of any showing of a formal, or any, agreement between the Swoffords to associate themselves in the trucking business or to share profits arising out of such association. Hence, to find that a partnership did exist it would be necessary to rely upon the acts

of the parties and the reasonable inferences to be drawn therefrom as evidence of their intent to so associate themselves. (*Kersch* v. *Taber,* 67 Cal.App.2d 499 [154 P.2d 934].) However, there is no evidence from which a reasonable inference could be drawn evidencing such an intent. The testimony of both of the Swoffords negatives such a conclusion since it showed that all of the arrangements for as well as the use of the truck were made with reference to Hal Swofford as an individual and not as a copartner with his father, the petitioner. Also, the evidence of Meadows and the farmer Reece shows that the petitioner had no degree of control in the enterprise; that all control of the truck and its operation was with Hal Swofford and that all of Reece's dealings after the original negotiation were with the son, Hal Swofford.

By reason of the foregoing, the award, as it relates to the petitioner, is annulled; in all other particulars it is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.